Dora Torseth, Beaumont, for appellant.

John DeWitt, Beaumont, for appellee.

**Francisco Romero GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–206–CR.**

Court of Appeals of Texas,
Beaumont.

Nov. 23, 1988.

## OPINION

BROOKSHIRE, Justice.

Appellant, Garcia, was indicted by the October 1986 grand jury of Jefferson County. The Appellant was charged with the burglary of a habitation with the intent to commit the felony offense of sexual assault. This true bill of indictment alleged that this offense occurred on September 21, 1986. Also, in a separate indictment the October 1986 grand jury charged this Appellant with aggravated sexual assault. This second indictment alleged that the aggravated sexual assault took place on September 21, 1986.

The Appellant was tried in the 252nd Criminal District Court on the charge of burglary of a habitation with the intent to commit the felony offense of sexual assault. The trial commenced on January 11, 1988. On January 13, 1988, the Appellant was convicted by the jury although he had pleaded not guilty. Also, in the January 1988 proceeding the jury assessed the Appellant's punishment at 47 years in the State Department of Corrections following the jury's finding that the Appellant was guilty of the offense of burglary of a habitation with the intent to commit sexual assault.

Subsequent to the sentencing of the Appellant, the district court set for a jury trial the indictment charging aggravated sexual assault. The trial setting was for March 28, 1988. Prior to the trial date on the charge of aggravated sexual assault, the Appellant filed an application for writ of habeas corpus in the district court. The application alleged that the felony offense of burglary of a habitation with the intent to commit sexual assault and the felony offense of aggravated sexual assault constituted the same offense under the double jeopardy clause of the Fifth Amendment to the Constitution of the United States. Hence, the Appellant argued below that the double jeopardy clause of the Fifth Amendment barred any prosecution for the felony offense of aggravated sexual assault. The district court in April of 1988 heard and denied the Appellant's application for writ of habeas corpus. Later the district court entered a written order signed July 21, 1988, denying Appellant habeas corpus relief.

The indictment upon which the Appellant was actually tried alleged that Garcia, with the intent to commit the felony offense of sexual assault, entered a habitation located in Jefferson County, Texas, owned by the complainant without the effective consent of the complainant. The indictment therefore set out three basic elements: that on September 21, 1986, the Appellant did then enter a habitation; that he had the present intent to commit the felony offense of sexual assault; and, the habitation being owned by the complainant was entered without the effective consent of the complainant. From a reading of the indictment, the necessary conclusion is that this burglary of a habitation indictment was for an offense whose elements are set out and defined in *TEX.PENAL CODE ANN. sec. 30.02(a)(1)* (Vernon 1974).

Burglary under this section defines an offense as being committed by a person who enters a habitation without the effective consent of the owner with the intent to commit a felony or a theft. The actual completed commission of a felony or a theft is not an element. The habitation or building is not, of course, then open to the public. The indictment did not allege the actual commission of a felony or a theft, nor did it allege a meaningful attempt or beginning to commit a felony or a theft or a committed, completed felony or sexual assault. An actual attempted felony or sexual assault was not alleged by the indictment and neither one was submitted as a necessary fact or element to the jury in the court's charge. In the burglary of a habitation charge the court charged only on the elements of Garcia: (1) entering a habitation located in Jefferson County, (2) with the intent to commit a felony offense, (3) without the effective consent of the owner of the habitation, styled the complainant. It is obvious that the burglary of a habitation offense was completed when the house was broken into or entered without consent and at that time the accused had the intent to commit a felony.

In the second indictment on aggravated sexual assault, the grand jury set forth that the Appellant intentionally and knowingly caused the penetration of the sexual organ of the complainant, who was a female and not the spouse of the Appellant, and that this penetration was intentionally and knowingly caused by the accused's male sexual organ without the consent of the complainant. Further, the accused compelled the complainant to submit to such a sexual assault by the use of physical force and violence and by threatening the complainant with the use of force and violence and that the accused used and exhibited a deadly weapon, to-wit: a letter open-

er, so that in the manner of its use and its intended use was capable of causing serious bodily injury and death. Moreover, the indictment alleged the accused compelled the complainant without her consent to submit to such sexual assault by the use of physical force and violence and by threatening the complainant with the use of force and violence against the complainant by acts and words, and the accused did then and there place the complainant in fear of imminent death and serious bodily injury.

None of these elements in paragraphs 1 and 2 of the aggravated sexual assault indictment were submitted to the jury in the burglary case, and these issues, of course, were not resolved by the verdict of the jury in the burglary of the habitation trial on the merits.

The Appellant's sole point of error is:
"The Court erred in denying Appellant's Application for Writ of Habeas Corpus.
"A. Burglary of a Habitation with Intent to Commit Sexual Assault and Aggravated Sexual Assault are the 'same offense' for purpose of double jeopardy protection."

The Court of Criminal Appeals in *Ex Parte McWilliams*, 634 S.W.2d 815, 822 (Tex.Crim.App.1980), wrote and held as follows:

"We now abandon the carving doctrine for the compelling reason that it encourages crime. When the carving doctrine may be applied to a situation in which a defendant robs, kidnaps, rapes, and murders his victim, the defendant suffers no more punishment than he would had he committed only one of the crimes. Justice and reason demand prosecution for each of the separate offenses so that a robber will be deterred from kidnapping, raping, and murdering the victim."

We decide that the offense of burglary of a habitation with intent to commit a felony or a felony of sexual assault and the offense or crime of a completed aggravated sexual assault are entirely different offenses. The burglar who enters a homestead or habitation with the intention to commit a felony should not thereafter and

after the entry with intent to commit a felony be given absolutely free rein and free license to go ahead and commit other offenses such as rape, kidnapping, murder or arson.

The aggravated sexual assault offense commenced after the burglary of the habitation was completed. The aggravated sexual assault commenced when the accused, as alleged in this case, actually assaulted sexually the complainant who was a person not his spouse by intentionally and knowingly and actually causing the penetration of the sexual organ of the female complainant by his own male sexual organ without her consent and also by compelling the complainant to submit to such sexual assault by use of physical force and violence and by the threatening of the complainant with the use of physical force and violence by using and exhibiting a deadly weapon, namely, a letter opener, that in the manner of its use and intended use, was capable in causing imminent serious bodily injury and capable of causing death.

Furthermore, neither one of these offenses is a lesser included offense of the other offense. The burglary offense can be proved without proving the aggravated sexual assault offense since their elements are different. Indeed, the accused here could have been actually invited into the habitation for some legitimate lawful or social purpose such as having a cup of coffee; and, after being invited into the home, he could have then committed the entirely separate and distinct offense of an aggravated sexual assault.

To put it in other words, in this case the burglary of the habitation proof required only the entry without the consent of the owner coupled with the intent to commit the felony offense—not the actual commission of the felony offense. Being manifestly, meaningfully different and distinctive, the aggravated sexual assault requires actual proof of the specific sexual act that was actually committed coupled with the violence and threats directed at the complainant accompanied by the use of a deadly weapon—or by certain acts and words done and said in certain ways which actual-

ly placed the complainant in fear of imminent death and serious bodily injury. None of these last named elements of the offense of aggravated sexual assault must be proved in a burglary of a habitation case.

Yet, these very elements of aggravated sexual assault are at the very heart and are the very gravamen of the viciousness and destructiveness of the crime or offense of aggravated sexual assault. The aggravated sexual assault was committed after the commission and completion of the burglary offense.

We decide that these are two distinct and separate crimes or offenses that are on equal standing. Therefore, the conviction of one should not and cannot bar prosecution of the other. *See Ford v. State*, 632 S.W.2d 151 (Tex.Crim.App.1982). In *Ford, supra,* the true bill of indictment for the burglary with the intent to commit the rape (now the reasonable equivalent of sexual assault) did not require the allegations of the elements of rape since the offense of burglary required only the allegation and the proof of the intent to commit such felonious rape. And if the jury finds that the entry was made into the habitation with such an intent, it is not necessary—and thus it is not resolved by the jury's verdict—that an actual rape occur. Thus, rationally and logically, where one commits burglary and after the felonious entry commits another offense being (as here) aggravated sexual assault, then that accused may be prosecuted for each and both offenses. Hence, the trial of the one is not a bar to the prosecution of the other. *Houston v. State*, 556 S.W.2d 345 (Tex.Crim.App.1977); *Mixon v. State*, 632 S.W.2d 836 (Tex.App. —Dallas 1982, pet. ref'd).

Of course in some cases, the proof of the actual commission of the intended second crime, here the sexual assault or some other offense, is frequently put into evidence before the jury since this evidence is a very strong, cogent and compelling fact or surrounding circumstance which had forceful probative weight to show the existence of *the required element* of intent at the time of the entry. After all, Texas in these cases has a heavy burden of proof. The prosecution must show and convince the jury beyond a reasonable doubt by competent evidence of probative force that each and every element of the crime on trial was committed. Nevertheless, the actual question and issue of whether or not the intended second crime was committed is not submitted for the consideration, determination or verdict of the jury. Thus, the second crime is not resolved nor determined by the verdict of the jury. *See Whitford v. State*, 24 Tex.App. 489, 6 S.W. 537 (1887).

In the *Whitford* case, being over one hundred years ago, the Court properly and intelligently recognized and approved the resolution of this issue with the following language:

> "For, upon trial for an offense, evidence of other offenses is very frequently and justly received; and, because proof of other offenses has been drawn upon to aid in conviction of a certain crime, that fact does not bar a prosecution for the other offenses."

And, of course, logically it follows that the jurors might actually disbelieve some or much of the evidence regarding the commission of the second intended crime, such as that of aggravated sexual assault or rape and still find and believe beyond a reasonable doubt that there was sufficient and adequate evidence to support the finding of guilt as to the entry of the habitation and as to the required intent at the time of the entry.

In *Ex Parte Peterson*, 738 S.W.2d 688 (Tex.Crim.App.1987), the Court wrote:

> "In *Brown v. Ohio*, supra, the Supreme Court restated the principal test gleaned from *Blockburger* [*v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)], supra, for determining whether two offenses are the same for purposes of barring successive prosecutions:
>
> > " ' "[T]he applicable rule is that when the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." ' 432 U.S. [161] at 166, 97 S.Ct. [2221] at 2225 [53 L.Ed.2d 187 (1977)]."

Aggravated sexual assault requires proof of several, salient facts which burglary of a habitation does not require. These separate crimes certainly do require proof of separate sets of facts. Simply put, the prosecution for aggravated sexual assault does not require the re-litigation of the factual elements and issues that were necessary to prove in the burglary of the habitation offense, nor does the second prosecution require the re-litigation of the necessary factual issues that have already been actually resolved by a jury in the first tried criminal offense of burglary. None of the necessary elements for the aggravated sexual assault such as the penetration acts were resolved by the jury in the burglary trial. The charge of the court glaringly demonstrates and proves that proposition. Hence, no double jeopardy protection exists.

Hence, we overrule the Appellant's only point of error. We deny the application for the writ of habeas corpus and the writ of habeas corpus itself. We decline to direct the district court to dismiss the aggravated sexual assault indictment against Francisco Romero Garcia.

We affirm the judgment of the trial court and deny the Appellant's application for writ of habeas corpus.

WRIT OF HABEAS CORPUS DENIED.