The STATE of Texas, Appellant,

v.

Steven Barkley
COMERFORD, Appellee.

No. 07–89–0349–CR.

Court of Appeals of Texas,
Amarillo.

March 16, 1990.

Randall Sherrod, Crim. Dist. Atty., Canyon, for appellant.

Greta Rapstine Crofford (on appeal only), Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

Following his acquittal of the charge of burglary of a habitation, appellee Steven Barkley Comerford was charged with unauthorized use of a motor vehicle. Upon appellee's special plea of double jeopardy, the court dismissed the cause with prejudice, and the State appealed. Finding that appellee's reindictment and prosecution on the second offense is not barred by double jeopardy or by collateral estoppel, we will reverse and remand.

Appellee was initially prosecuted for the first-degree felony of burglary of a habitation, enhanced, during which boots, a motorcycle, and other items were stolen. At the trial of this offense, testimony was adduced that appellee had been seen wearing the boots and driving the motorcycle, had told a witness he had broken a window in the house and had taken the items, and had told another witness who saw him driving the motorcycle that "he had ditched it because he thought it was 'hot'." Later, the first witness recanted, saying she saw the motorcycle, but did not see appellee on it. The jury returned a verdict of not guilty, and the court discharged appellee.

The State then reindicted appellee for the third-degree felony of unauthorized use of a motor vehicle, enhanced, alleging that appellee had operated the motorcycle without the effective consent of the owner. Appellee responded by filing a "Special Plea of Double Jeopardy and Prosecutional [sic] Vindictiveness" in which he presented arguments of double jeopardy and collateral estoppel. The trial court found against appellee on the issue of prosecutorial vindictiveness, but granted his motion to dismiss based on his special plea. The State appealed from the order dismissing the cause with prejudice, contending by a single point of error that the second prosecution is not barred by double jeopardy or by collateral estoppel.

██ The constitutional prohibition of double jeopardy encompasses protection from a second prosecution for the same offense after acquittal. *Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex.Cr.App. 1987). This protection is construed to mean that successive prosecutions will be barred where the second statutory provision on which defendant is prosecuted does not require proof of a fact additional to those required in the first, the *Blockburger* test, (*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932)), *id.* 738 S.W.2d at 689–90 (citing *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)), or where the second prosecution requires the relitigation of a common necessary element.

*Ex parte Peterson,* 738 S.W.2d at 691. To prove burglary of a habitation, the State had to show that appellee entered a habitation without the effective consent of the owner, with the intent to commit theft. Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1989). For the second prosecution for the unauthorized use of a motor vehicle, the State will have to show that appellee intentionally and knowingly operated the motorcycle without the owner's effective consent. Tex.Penal Code Ann. § 31.07(a) (Vernon 1989). None of the elements of the second offense was required by the first prosecution. Thus, the second prosecution passes the *Blockburger* test.

The present prosecution also passes the second prong of the double jeopardy test barring relitigation of a common necessary element of the offenses. By introduction of evidence tending to show appellee's possession and use of the motorcycle subsequent to the burglary, the State did not make that issue a necessary common element. Although it was necessary for the State to demonstrate appellee's intent to commit theft, in this case by showing that theft was actually committed, there were several ways the State attempted to meet this burden. These included the testimony that appellee was seen after the crime wearing boots and using the motorcycle stolen in the burglary, and testimony of his admission of the theft. Since any one of these could have served to demonstrate the needed intent to commit theft for the burglary charge, no one of them is a necessary factual element of that offense. Therefore, in these circumstances, the proof of one of them in a subsequent prosecution is not proof of a necessary common element.

It is on this basis that we distinguish the present situation from *Pierson v. State,* 689 S.W.2d 481 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd), for in *Pierson* the only method used to show the intent to commit theft was showing the unauthorized use of the car, the sole item stolen. That factual element was, therefore, a necessary common element of the second attempted prosecution of unauthorized use, and double jeopardy barred its relitigation.

Additionally, on a facial review, the statutes in question have no common element. The proscribed act in the first is entry of a habitation with the intent to commit theft; that of the second is the intentional or knowing operation of another's motor-propelled vehicle. The required intent is different in each: the first offense requires intent to commit theft; the second requires intent to operate another's motor vehicle. The "effective consent of the owner" in each refers to consent applying to different acts and, so, the consent is not the same. Certainly, the identity of the defendant is not a sufficient common element, for if it were, then having once been convicted of any offense, the same defendant could never be tried again for any other.

An examination of the subject indictments reveals no commonality of facts to be proven except the venue facts, the date, and the owner. With the abandonment of the Carving Doctrine, *Ex parte McWilliams,* 634 S.W.2d 815, 822 (Tex.Cr.App. 1982) (on rehearing), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982), appellee cannot make a case to bar further prosecution from the mere commonality of the owner and the date; and he wisely refrains from arguing that common venue facts will so operate. Therefore, we cannot say that the present reindictment and prosecution will entail the relitigation of any element necessary to the first prosecution. Consequently, neither prong of double jeopardy affords appellee relief.

Appellee argues that the State's heavy reliance in the first case upon the evidence of his subsequent use of the motorcycle to prove his identity as the burglar resulted in the unauthorized use issue being resolved against the State by virtue of the not guilty verdict. This brings us to the issue of collateral estoppel.

█ The protection afforded by collateral estoppel is narrower in scope than that of double jeopardy, only barring reintroduction or relitigation of facts already necessarily established against the government by the previous verdict. *Ladner v. State,* 780 S.W.2d 247, 253 (Tex.Cr.App. 1989). The test to be applied is "whether

after examining the pleadings, evidence, jury charge and other relevant material in the record of the first trial, a 'rational jury,' *necessarily* grounded its verdict upon an issue which the defendant seeks to foreclose from relitigation. Thus, ... when a 'fact is not *necessarily* determined in the former trial, the possibility that it may have been does not prevent re-examination of that issue.'" *Id.* at 254 (quoting *United States v. Gonzalez,* 548 F.2d 1185, 1191 (5th Cir.1977)). We shall not attempt the impossible task of entering the collective mind of the jury to determine the actual basis for the verdict reached. It is enough that we determine whether or not the previous verdict was *necessarily* grounded on an issue appellee seeks to foreclose from relitigation, not whether it might have been or actually was.

 Appellee bears the burden of proving the identity of issues and the necessary resolution of the issue against the State in the first case. *Id.* at 258. In the prior prosecution, appellee's alleged possession and use of the motorcycle subsequent to the time of the burglary, together with testimony of appellee's admission of commission, were presented to establish his identity as the burglar. Acquittal on the burglary charge does not per se discharge appellee's burden to demonstrate that the issue of appellee's alleged unauthorized use of the motorcycle necessarily was resolved against the State.

Although appellee opined in oral argument that the jury in the first trial found the State's witnesses on this point to lack credibility, this does not demonstrate that it was necessary for a rational jury to do so to reach the not guilty verdict. It is just as possible to support the verdict on the basis that a rational jury could have determined the State had not adequately proven other elements of the offense, such as that appellee entered the habitation, or stole the motorcycle, even though the jurors could well have believed that after the burglary, appellee had been using it knowing he did not have the effective consent of the owner. A subsequent prosecution is not estopped by the use of witnesses and testimony identi-

cal to the first where, as in the present case, a rational jury could have believed some of the testimony and acquitted the defendant on some other basis. *Id.* at 257; *see also United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.1986), *cert. denied,* 476 U.S. 1118, 106 S.Ct. 1977, 90 L.Ed.2d 660 (1986).

Since there are possible bases for the verdict other than resolution of the issue of appellee's alleged unauthorized use of the motorcycle, that issue was not *necessarily* determined against the State in the first trial, and it is open for re-examination in a second prosecution. *Ladner v. State,* 780 S.W.2d at 254. Having examined the relevant material in these cases, we find nothing to show that a rational jury necessarily grounded this not guilty verdict upon resolution of the issue of appellee's alleged unauthorized use of the motorcycle. Therefore, the second prosecution is not barred by collateral estoppel.

Accordingly, the State's sole point of error is sustained. The judgment of dismissal is reversed, and this cause is remanded to the trial court for reinstatement of the indictment.