Francisco Romero GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 1441–88.

Court of Criminal Appeals of Texas,
En Banc.

June 6, 1990.

Rehearing Overruled Jan. 30, 1991.

Dora E. Torseth, Beaumont, for appellant.

Tom Maness, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Francisco Romero Garcia, hereinafter appellant, was indicted separately for the offenses of burglary of a habitation and aggravated sexual assault. See Penal Code §§ 30.02(a)(1) and 22.021(a)(1)(A)(i), (2)(A)(iv), or (2)(A)(ii), respectively. He was convicted by a jury of burglary under the indictment that alleged, in relevant part, he entered the complainant's habitation "with intent to commit the felony offense of Sexual Assault." The jury assessed appellant's punishment at imprisonment in the Texas Department of Corrections [1] for forty-seven (47) years. Appeal from this conviction was affirmed, *Garcia v. State*, No. 09–88–011–CR (Tex.App.—Beaumont, delivered September 7, 1988).

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

The State now proposes to try appellant under the indictment which alleges, in two paragraphs, he sexually assaulted the same complainant on the same date alleged in the burglary indictment. This indictment also alleges acts elevating the sexual assault into an aggravated sexual assault.

Appellant filed a pretrial application for writ of habeas corpus in the trial court, alleging his previous burglary conviction bars his subsequent prosecution for aggravated sexual assault under the Fifth Amendment to the United States Constitution. He filed a copy of the statement of facts of the burglary prosecution, which demonstrates that proof of commission of the aggravated sexual assault was relied upon to prove appellant's alleged intent in the trial for burglary. The trial court denied relief, and the Beaumont Court of Appeals affirmed. *Garcia v. State,* 762 S.W.2d 263 (Tex.App.—Beaumont, 1988). We granted appellant's petition for discretionary review to resolve the double jeopardy question presented.

The following bears repeating:

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This constitutional guarantee is applicable to the States through the Due Process Clause of the Fourteenth Amendment, *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969)....

The constitutional prohibition of double jeopardy has been held to consist of three separate guarantees: (1) "It protects against a second prosecution for the same offense after acquittal. [ (2) I]t protects against a second prosecution for the same offense after conviction. [ (3) ] And it protects against multiple punishments for the same offense." *North Carolina v. Pierce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) *(footnotes omitted).*

*Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228, 232 (1980).

The primary purposes of the Double Jeopardy Clause are said to be the following: (1) to ensure the finality of judgments in criminal cases; (2) to minimize the defendant's exposure to the expense and emotional stress that a criminal proceeding entails; (3) to ensure that the government is not given an unfair opportunity to reformulate its case in light of what it learned during the first trial about the strengths of the defense and the weaknesses of its own case; (4) to protect the defendant's right to have his fate determined by the jury that was first empaneled and sworn; and (5) to ensure that multiple punishments are not imposed for the same offense. *U.S. v. Crotwell,* 896 F.2d 437, 439 (10th Cir.1990).

Furthermore,

The scope of [Double Jeopardy guarantees] has not proven susceptible to rigid or mechanical rules of interpretation. *Serfass v. U.S.,* 420 U.S. 377, 390, 95 S.Ct. 1055, 1063–4, 43 L.Ed.2d 265 (1975). The difficulty of interpretation "turns upon the meaning of the words 'same offense,' a phrase deceptively simple in appearance but virtually kaleidoscopic in application." *Whalen v. U.S.,* 445 U.S. 684, 700, 100 S.Ct. 1432, 1442, 63 L.Ed.2d 715 (1980) (Rehnquist, J., dissenting).

*Mars v. Mounts,* 895 F.2d 1348, 1353 (11th Cir.1990).

This cause addresses *the second protection* (successive prosecution after conviction) and *the second purpose* (minimizing a defendant's exposure to the expense and emotional stress of criminal proceedings). As such, the interpretation of "same offense" in this context differs from that in the "multiple punishment" context addressed in *Blockburger v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Illinois v. Vitale,* supra.

For purposes of the Federal Constitution, the *Blockburger* analysis is appropriate for prosecution of more than one offense in a single proceeding. Under that analysis, only the faces of the statutes involved are examined to determine whether each re-

quires proof of some element which the other does not. If an additional element is found for each statute, then double jeopardy protections do not prohibit the State from obtaining convictions and cumulative punishments for each violation, even where the same act is proved as the violation of each statute. *Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).

■ However, where the State attempts to prosecute violations of separate statutes in *successive* prosecutions, the proof is examined to determine whether common "incidents" are proven. *In re Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889). While the limits of what constitutes a common "incident" have not been clearly defined[2], it is clear that where proof of one offense is used to prove an element of another, the offenses share common "incidents". *Illinois v. Vitale,* supra; *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); *January v. State,* 732 S.W.2d 632 (Tex.Cr.App.1987), adopting *January v. State,* 695 S.W.2d 215 (Tex. App.—Corpus Christi 1985). Also, proof of the same lesser included offense to establish violation of the same statute against different victims bars successive prosecution for those violations, *Simmons v. State,* 745 S.W.2d 348 (Tex.Cr.App.1987), although separate convictions for violations of the same statute committed against different victims are not barred, at least where they are tried in the same proceeding. *Spradling v. State,* 773 S.W.2d 553 (Tex.Cr.App.1989).[3]

■ An *intent to commit* an offense is distinct from *commission* of the offense, compare *Neaves v. State,* 767 S.W.2d 784 (Tex.Cr.App.1989) (proof of probable cause to believe a fact is distinct from proof of that fact), so burglary with intent to commit sexual assault is not the "same offense" as aggravated sexual assault under a *Blockburger* analysis. However, in this case the State relied upon evidence showing actual commission of the aggravated sexual assault in order to prove appellant's intent. Therefore, the State necessarily proved this common "incident," and the double jeopardy provision of the United States Constitution bars successive prosecution of the aggravated sexual assault. Had the State chosen to prosecute both offenses in the same proceeding[4], or tried the aggravated sexual assault allegation first, and then relied on some other evidence to prove appellant's intent[5], convictions for both offenses might not have been barred.

Where the State is going to rely on evidence proving one offense as proof of an element of another, both offenses usually[6]

---

**2.** E.g., is reliance on the same proof as to only one element of the offenses a common "incident," or is common "incident" only the proof of all elements of one offense to prove another?

**3.** Although *Spradling* involved successive prosecutions, the appellant there did not claim protection against successive prosecutions, and we did not analyze his claim on that basis. The analysis in *Spradling* pertained only to whether the State could obtain separate convictions where one act violated the same statute against separate victims [as opposed to one act violating different statutes as in *Blockburger* ], and *Spradling* should not be read to necessarily allow such convictions in successive prosecutions. *Ex parte Rathmell,* 717 S.W.2d 33 (Tex.Cr.App. 1986) was another case in which the successive prosecution argument was not raised.

**4.** A defendant who objects to consolidation of different allegations in one trial, and is granted separate trials, waives his double jeopardy protection from successive prosecutions. *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (plurality opinion).

**5.** See *Ex parte Peterson,* 738 S.W.2d 688, 691 (Tex.Cr.App.1987). Also compare *Rubino v. Lynaugh,* 845 F.2d 1266 (5th Cir.1988), where evidence of both offenses was presented at both trials, but evidence aside from the other offense was available to support all elements of both offenses.

**6.** Some exceptions may occur, such as where the offenses are not committed in the same transaction, see *Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), or where "additional facts necessary to sustain [an additional] charge have not occurred or have not been discovered despite the exercise of due diligence." *Brown v. Ohio,* 432 U.S. 161, 169, n. 7, 97 S.Ct. 2221, 2227, n. 7, 53 L.Ed.2d 187.

must be prosecuted in a single proceeding, or the untried offense will be barred from further prosecution. See *Ex parte Peterson,* supra, n. 4; *Ex parte May,* 726 S.W.2d 573 (Tex.Cr.App.1987); *Ex parte Crosby,* 703 S.W.2d 683 (Tex.Cr.App.1986). It was within the State's power to minimize the appellant's exposure to the expense and emotional stress that a criminal proceeding entails by proceeding on both indictments in one trial, yet only one was presented. Because the State did not attempt to prosecute both the burglary and aggravated sexual assault in the same proceeding, the burglary conviction bars the subsequent prosecution for aggravated sexual assault.

Accordingly, we find that appellant's subsequent prosecution for aggravated sexual assault would be precluded by the Double Jeopardy Clause. The judgments of the trial court and the Court of Appeals are reversed, and the indictment for aggravated sexual assault is dismissed.

DAVIS, CLINTON and WHITE, JJ., concur in the result.

BERCHELMANN, J., dissents.

CAMPBELL and STURNS, JJ., not participating.

McCORMICK, Presiding Judge, dissenting.

On May 29, 1990, the United States Supreme Court issued its decision in *Grady v. Corbin,* — U.S. —, 110 S.Ct. 2084, 109 L.Ed.2d 548. My reading of *Grady* convinces me that the opinion in this cause is blatantly incorrect.

For this reason, I dissent.