The STATE of Texas, Appellant,

v.

Bradley Eugene HENSLEY, Appellee.

No. 09–90–225 CR.

Court of Appeals of Texas,
Beaumont.

May 29, 1991.

Discretionary Review Granted
Sept. 11, 1991.

D.C. "Jim" Dozier, County Atty., Robert Bartlett, Asst. County Atty., Conroe, for State.

Gary C. Bowers, Humble, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, J., concur.

OPINION

BURGESS, Justice.

The State of Texas appeals a dismissal with prejudice on a special plea of double jeopardy. The information charged Bradley Eugene Hensley "did then and there unlawfully, while intoxicated, . . . drive and operate a motor vehicle in a public place." Appellee moved to dismiss on the grounds

that he had previously been convicted of "failure to maintain a single marked lane," an offense arising out of the same transaction. Appellant raises two points of error.

Point of error one contends the trial court erred in ruling on the special plea because it was not verified by an affidavit of the appellee. This claim is raised for the first time on appeal. Appellant failed to preserve error. TEX.R.APP.P. 52(a). Point of error one is overruled.

Point of error two avers the trial court erred in granting the motion to dismiss on grounds of double jeopardy. This court has held that a conviction for the traffic offenses of driving while license suspended or driving on the wrong side of the road does not bar prosecution for driving while intoxicated. *Long v. State,* 777 S.W.2d 745 (Tex.App.—Beaumont 1989, no pet.); *Naquin v. State,* 725 S.W.2d 447 (Tex.App.—Beaumont 1987, no pet.). Appellee cites two recent cases for the proposition that multiple prosecutions are not allowed where the alleged offenses were committed "in one tick of the clock."

*Grady v. Corbin,* 495 U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), held that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. Corbin allegedly drove his vehicle across the highway median and struck two oncoming vehicles, causing the death of one person and seriously injuring another. He was charged with misdemeanor driving while intoxicated and with failing to keep right of the median. After pleading guilty to those charges, he was charged with homicide and assault. The charging instrument indicated the reckless or negligent acts the state would rely on in proving those charges were driving while intoxicated, failing to keep right of the median, and driving too fast for the weather and road conditions.

*Garcia v. State,* 806 S.W.2d 835 (Tex. Crim.App.1990) held where the state attempts to prosecute violations of separate statutes in successive prosecutions, the proof is examined to determine whether common "incidents" are proven. In *Garcia,* the state relied upon evidence showing actual commission of sexual assault in order to prove intent to commit sexual assault as alleged in the burglary indictment. The subsequent prosecution for sexual assault was barred by double jeopardy.

The distinguishing feature between the *Corbin* and *Garcia* cases and the instant case is that, in both *Corbin* and *Garcia,* the subsequent charge that was ultimately held to violate the Double Jeopardy Clause contained at least one *essential element* that had already been adjudicated by a trier of fact. Such is not the situation in the instant case. Other than the place and date, the only common incident between the two offenses is that the accused was driving in a public place. The gravamen of the offense, failure to drive within a single lane, is not an element of driving while intoxicated. The state need not prove the failure to drive the vehicle within a single marked lane in order to prove appellee was driving while intoxicated. In fact, the state established an independent probable cause to stop the vehicle, for failure to signal a lane change. None of the elements of the offense as alleged in the information depend on proof of any of the elements of the previously prosecuted offense. Although both offenses involve the operation of a motor vehicle, driving in a public place is not criminal conduct. We hold the trial court erred in granting the motion to dismiss. Point of error two is sustained. We reverse and remand this cause for further proceedings.

**REVERSED AND REMANDED.**