**The STATE of Texas, Appellant,**

v.

**Steven Barkley COMERFORD,
Appellee.**

**No. 07–91–0031–CR.**

Court of Appeals of Texas,
Amarillo.

July 10, 1991.

Randall Sherrod, Crim. Dist. Atty., John L. Davis, Asst. Crim. Dist. Atty., Canyon, for appellant.

Greta Rapstine Crofford, Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

REYNOLDS, Chief Justice.

After a jury acquitted appellee Steven Barkley Comerford of the charge of burglary, the State attempted to prosecute him on a charge of unauthorized use of a motor vehicle, a motorcycle which the State attempted to show during the first prosecution was taken in the burglary. Upon Comerford's special plea of double jeopardy, the trial court discharged him, and the State appealed. In that appeal, denom-

inated *Comerford I*, we determined the subsequent prosecution was neither barred by double jeopardy nor collateral estoppel, and remanded the cause to the trial court. *State v. Comerford*, 787 S.W.2d 163 (Tex. App.—Amarillo 1990, no pet'n).

■ Upon remand, appellee filed another special plea of double jeopardy based on new case law, *Grady v. Corbin*, 495 U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and *Garcia v. State*, 806 S.W.2d 835 (Tex.Cr.App.1990), both of which were issued subsequent to our decision in *Comerford I*. The trial court again discharged appellee and the State has appealed. Finding no violation of the protections against double jeopardy, we will reverse and remand.

In *Comerford I*, the State prosecuted appellee for burglary of a habitation with intent to commit theft. Appellee's postburglary possession and use of stolen items, including the motorcycle, were adduced to prove the intent element of the burglary. The evidence the State proposes to adduce in the second prosecution to show unauthorized use of the motorcycle would be substantially the same evidence of possession and use that was presented in the first prosecution.

Given this premise, we specifically determined that the unauthorized use prosecution would pass the common elements test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and would not require the relitigation of a common necessary factual element, *Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex.Cr.App. 1987), thereby foreclosing double jeopardy relief. *State v. Comerford*, 787 S.W.2d at 164–65. We also determined that the second prosecution did not violate considerations raised by the coordinate doctrine of collateral estoppel as explicated in *Ladner v. State*, 780 S.W.2d 247 (Tex.Cr.App.1989). *State v. Comerford*, 787 S.W.2d at 165–66.

In this appeal, appellee concedes the second prosecution passes the *Blockburger* test and does not present another collateral estoppel argument. Instead, he argues that new case law forbids his subsequent prosecution on the unauthorized use charge

because the burglary and the unauthorized use share common incidents, *Garcia v. State*, 806 S.W.2d at 835, and because the State will attempt to prove conduct in its second prosecution that constitutes an offense for which the defendant has already been prosecuted. *Grady v. Corbin*, 495 U.S. at ——, 110 S.Ct. at 2093, 109 L.Ed.2d at 564. The argument is not persuasive in the light of *Ex parte Ramos*, 806 S.W.2d 845 (Tex.Cr.App.1991), a recent decision construing *Grady* and overruling *Garcia* to the extent it conflicts with *Ramos*.

■ The *Ramos* court enunciated an exclusive three-pronged test derived from *Grady* for determination of double jeopardy protection in successive prosecutions which pass an initial application of the *Blockburger* common elements test. *Ex parte Ramos*, 806 S.W.2d at 847 (referring to *Grady v. Corbin*, 495 U.S. at ——, 110 S.Ct. at 2093, 109 L.Ed.2d at 564). The test requires the reviewing court to look to the "underlying conduct" to determine whether: (1) this is conduct constituting an offense; (2) the defendant has already been prosecuted for this offense; and (3) this "criminal conduct" will be used to establish an essential element of the offense charged at the subsequent prosecution. "Only if the conduct meets all three parts of this test will the latter prosecution be barred by double jeopardy." *Id.*

Thus, as demonstrated in *Ramos*, our consideration is whether the State will establish an essential element of the unauthorized use charge by proof of conduct that constitutes burglary of a habitation with intent to commit theft. *Ex parte Ramos*, 806 S.W.2d at 848. It is immediately apparent that the conduct of appellee alleged to constitute the burglary—*i.e.*, that he entered the habitation without the effective consent of the owner and with the intent to commit theft—is not the same as his conduct alleged to constitute the essential elements of unauthorized use of a motor vehicle—*i.e.*, that he intentionally and knowingly operated the motorcycle without the owner's effective consent. Obviously, then, there is no occasion for the State to use appellee's alleged former conduct of

burglary to establish an essential element of the unauthorized use offense charged in the pending prosecution. It follows from the application of the *Ramos* test that the pending prosecution is not barred by double jeopardy considerations. The State's point of error is sustained.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.