The STATE of Texas

v.

Bradley HENSLEY.

No. 09-90-225 CR.

Court of Appeals of Texas, Beaumont.

June 23, 1993.

Rehearing Denied July 14, 1993.

Frank H. Bass, Jr., County Atty., Robert Bartlett, Asst. County Atty., Conroe, Matthew W. Paul, Asst. State's Atty., Austin, for state.

Gary C. Bowers, Humble, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION ON REMAND

BURGESS, Justice.

The state appealed a dismissal with prejudice on a special plea of double jeopardy. We reversed and remanded, *State v. Hensley*, 810 S.W.2d 20 (Tex.App.—Beaumont 1991). The Court of Criminal Appeals vacated our judgment and remanded the case back to us for consideration in light of *State v. Houth*, 845 S.W.2d 853 (Tex.Crim. App.1992) and *Parrish v. State*, 851 S.W.2d 864 (Tex.Crim.App.1993, cert. filed).

*Houth* is like the instant case, in that it involved being tried for driving while intoxicated after being found guilty of failing to drive in a single marked lane. The trial court granted a motion to dismiss and the court of appeals reversed, *State v. Houth*, 810 S.W.2d 852 (Tex.App.—Houston [1st Dist.] 1991). The court of criminal appeals analyzed the relationship of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); and *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), leading to *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The court stated the inquiry is (1) whether the State will prove conduct that constitutes an offense which has already been prosecuted and (2) whether the State will prove that conduct *"to establish* an essential element" of driving while intoxicated. The court went on to state:

Accordingly, we construe the *Corbin* test to require that whether evidence of "conduct that constitutes an offense for which the defendant has already been prosecuted" will bar a subsequent prosecution wherein the State represents that it again "will prove" that conduct, de-

pends on whether the State claims there is other evidence of unprosecuted conduct that it will prove to show "an essential element" of the subsequently charged offense. When the prosecutor will rely alone on such other conduct to demonstrate an essential element of the subsequent offense, the prosecution is not jeopardy barred.

*Houth*, 845 S.W.2d at 864. They then affirmed the appeals court by concluding:

The State first said it would need failure of appellee to stay in a single marked lane to prove probable cause; that is "specific evidence" contemplated by *Corbin* in that it does not go to an essential element of the offense to be tried. Now the State concedes, as it must, that the fact that appellee weaved out of her marked lane comprises some evidence of driving while intoxicated. Not only has the State not indicated in any manner that it will rely on appellee's failure to drive in a single lane to prove the necessary element of intoxication in this cause, but from the declarations of the trial prosecutor and from the excerpted offense report, the failure to drive in a marked lane is not even the most compelling evidence of intoxication available to the State. So long as the State relies solely on the latter conduct to prove intoxication, evidence that appellee failed to drive in a single lane is not sufficient in and of itself to bar subsequent prosecution for driving while intoxicated. [footnote omitted]

*Houth*, 845 S.W.2d at 864–865.

*Parrish* involved driving while intoxicated and failure to control speed. The trial court denied the plea of jeopardy and the court of appeals affirmed. *Parrish v. State*, 807 S.W.2d 411 (Tex.App.—Houston [14th Dist.] 1991). The court of criminal appeals reversed the court of appeals and established a new rule of law in Texas. The new rule requires the state to commit itself not to prove conduct for which a defendant was earlier prosecuted. Furthermore, the court now requires a firm commitment in writing.

Obviously neither the parties, the trial court nor this court could predict such a procedural requirement. Consequently, we reverse the trial court's dismissal with prejudice and remand the cause back to the trial court in order to give the state an opportunity to comply with *Parrish*.

REVERSED AND REMANDED.