ACCEPTED
06-14-00234-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/20/2015 3:02:54 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00234-CR
NO. 06-14-00235-CR

IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS
AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/21/2015 9:40:00 AM
DEBBIE AUTREY
Clerk

MELVIN WAYNE RICHARDSON,
Appellant

v.

THE STATE OF TEXAS,
Appellee

*On appeal from the 195ᵀᴴ Judicial District Court
of Dallas County, Texas
Cause No. F06-62371-N & F06-68662-N*

BRIEF IN SUPPORT OF MOTION TO WITHDRAW

*Counsel of Record:*

Lynn Richardson
Chief Public Defender
Dallas County, Texas


Katherine A. Drew
Chief, Appellate Division
Dallas County Public Defender's Office

Nanette Hendrickson
Assistant Public Defender
State Bar No. 24081423
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2
Dallas, Texas 75207-4399
(214) 653-3582 *(phone)*
(214) 653-3539 *(fax)*
Nanette.Hendrickson@
dallascounty.org

*Attorneys for Appellant*

# LIST OF PARTIES

**APPELLANT**
Melvin Wayne Richardson

**APPELLANT'S ATTORNEYS
AT TRIAL:**
Mr. George Ashford
325 N. St. Paul St.
Dallas, TX 75201

**ON APPEAL:**
Nanette Hendrickson
Assistant Public Defender
Dallas County Public Defender's Office
State Bar Number: 24081423
Frank Crowley Courts Building
133 N. Industrial Blvd., LB 2
Dallas, Texas 75207-4399

**STATE'S ATTORNEYS
AT TRIAL:**
Danielle Uher
Assistant District Attorney

Andrew Anagnostis
Assistant District Attorney

**ON APPEAL:**
Susan Hawk
(or her designated representative)

Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Industrial Blvd., LB-19
Dallas, Texas 75207-4399

# **TABLE OF CONTENTS**

LIST OF PARTIES ........................................................................................... ii

INDEX OF AUTHORITIES............................................................................. v

STATEMENT OF THE CASE........................................................................ 1

CERTIFICATE OF COUNSEL ..................................................................... 2

SPECIAL STATEMENT TO THE COURT ................................................. 3

      Objection to Hearsay ........................................................................5

      Performance of Trial Counsel..........................................................8

CONCLUSION ............................................................................................... 9

CERTIFICATE OF SERVICE ..................................................................... 10

CERTIFICATE OF COMPLIANCE............................................................ 10

# INDEX OF AUTHORITIES

**Cases**

*Asberry v. State,*
  813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd)........................................1

*Bigley v. State,*
  865 S.W.2d 26 (Tex. Crim. App. 1993)..............................................................1

*Cevalles v. State,*
  513 S.W.2d 865 (Tex. Crim. App. 1974)............................................................4

*Davenport v. State,*
  858 S.W.2d 13 (Tex. App.—Dallas 1993, no pet.).............................................4

*Dinnery v. State,*
  592 S.W.2d 343 (Tex. Crim. App. 1979)............................................................4

*Harmelin v. Michigan,*
  501 U.S. 957 (1991) ...........................................................................................9

*Harris v. State,*
  656 S.W.2d 481 (Tex. Crim. App. 1983)............................................................9

*Hernandez v. State,*
  726 S.W.2d 53 (Tex. Crim. App. 1986)..............................................................8

*Jeffery v. State,*
  903 S.W.2d 776 (Tex. App.—Dallas 1995, no pet.)...........................................3

*Motilla v. State,*
  78 S.W.3d 352 (Tex. Crim. App. 2002)..............................................................6

*Potier v. State,*
  68 S.W.3d 657 (Tex. Crim. App. 2002)...........................................................6, 7

*Strickland v. Washington,* 466 U.S. 668 (1984) ....................................................8

*Studer v. State,*
  799 S.W.2d 263 (Tex. Crim. App. 1989)............................................................3

*Taylor v. State,*
  268 S.W.3d 571 (Tex. Crim. App. 2008)............................................................6

*United States v. Lopez-Alvarez,*
  970 F.2d 583 (9th Cir. 1992)............................................................................7

**Statutes**

TEX. CODE CRIM. PROC. art. 1.14(b).......................................................................3

TEX. CODE CRIM. PROC. art. 1.15 ...........................................................4

TEX. CODE CRIM. PROC. art. 26.13 ........................................................4

TEX. CODE CRIM. PROC. art. 26.13(b).....................................................4

TEX. HEALTH AND SAFETY CODE § 481.112...........................................1, 3

**Rules**

TEX. R. APP. P. 33.1....................................................................................5

Tex. R. App. P. 43.2(b) ...........................................................................1

TEX. R. APP. P. 44.2(b)..........................................................................6, 7

TEX. R. EVID. 801(d) ................................................................................5

TEX. R. EVID. 802 ....................................................................................6

TEX. R. EVID. 802(1-24)...........................................................................6

TEX. R. EVID. 802(4) ................................................................................6

**Constitutional Provisions**

TEX. CONST. art. I, § 13............................................................................9

TEX. CONST. art. V, §12 ...........................................................................3

U.S. CONST. art. VIII................................................................................9

**TO THE HONORABLE COURT OF APPEALS:**

The undersigned attorney submits this brief in support of the motion to withdraw. This is an appeal from two convictions for the offenses of unlawful possession with intent to deliver a controlled substance in the 195th Judicial District Court of Dallas County, Texas, the Honorable Don Metcalf, sitting for The Honorable Fred Tinsley, Judge presiding.

## STATEMENT OF THE CASE

Appellant was charged in each case by indictment with unlawful possession of controlled substance with intent to deliver: cocaine between 4g and 200g in violation of TEX. HEALTH AND SAFETY CODE § 481.112. (CR1: 7; CR2: 9[1]). Appellant pursued a "slow plea" in which he entered pleas of guilty before the trial court but elected that a jury assess his punishment. (RR2: 4-12). After hearing evidence, the jury assessed punishment at 25 years' imprisonment and a $420 fine in trial case number F06-62371 and 40 years' imprisonment and a $740 fine in F06-68662[2]. (CR1: 14, 29; CR2: 10, 26). On May 5, 2010, the trial court

---

[1] CR1 refers to the District Court Clerks record in trial case number F06-62371-N; CR2 refers to the District Court Clerks record in F06-68662-H.

[2] Appellant notes that the fine amounts on the judgment in each case are incorrect. The judgment in F06-68662-N says the fine is $420 when it should read $740. (CR2: 10; RR4: 24). The judgment in F06-62371 states the fine is $740 and should read $420. (CR1: 14; RR4: 24). This Court has the authority to correct the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so. Tex. R. App. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State,* 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Appellant requests this Court to reform the judgment to speak the truth as reflected in the record.

1

pronounced sentence and entered judgment. (CR1: 14, 29; CR2: 10, 26; RR4:24). After filing an application for an 11.07 writ of habeas corpus with the Texas Court of Criminal Appeals, that Court issued an opinion on November 19, 2014 granting Appellant an appeal out of time. (CR1: 30-33; CR2: 36-37). Appellant subsequently filed a timely notice of appeal. (CR1: 36; CR2: 38).

### CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1966) and *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969), the undersigned appointed attorney states that she has diligently reviewed the entire record in this cause and the law applicable thereto and, in her opinion, this appeal is without merit and wholly frivolous in that the record reflects no reversible error. It is also the opinion of the undersigned appointed attorney on appeal that there are no grounds of error upon which an appeal can be predicated.

The undersigned appointed attorney on appeal has served a copy of this brief on Appellant. At that time, the undersigned attorney informed Appellant by letter that, in her professional opinion, the appeal was without merit. The undersigned attorney also explained that Appellant has the right to review the record and to file a pro se brief if he so desires. The undersigned attorney has provided a copy of the record to Appellant. Appellant has also been informed by the undersigned attorney

2

that he may request an extension of time from this Honorable Court for the filing of a pro se brief if he so desires.

The undersigned attorney has also filed a Motion to Withdraw as mandated by this Court's opinion in *Jeffery v. State*, 903 S.W.2d 776 (Tex. App.—Dallas 1995, no pet.).

**SPECIAL STATEMENT TO THE COURT**

The record in this case clearly reflects that Appellant entered pleas of guilty to the indictments. (RR2: 4-12). The indictments contained all of the elements of the offense as proscribed by TEX. HEALTH AND SAFETY CODE § 481.112. These indictments conferred jurisdiction upon the trial court. TEX. CONST. art. V, §12; *Studer v. State*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1989). No complaint, either in the form of an objection or a motion, was made to these indictments; hence, nothing is presented for appellate review. TEX. CODE CRIM. PROC. art. 1.14(b).

The undersigned attorney has searched the record for any pretrial motions which might support a point of error. Appellant filed no motions upon which a point of error could be predicated. As such, there is nothing presented for appellate review.

Prior to accepting Appellant's plea, the court inquired as to the voluntariness of the plea and Appellant's understanding of the consequences of his plea. (RR2: 7-11). Appellant entered his plea freely and voluntarily. (RR: 7–8). After a

3

complete review of the record, the undersigned attorney is satisfied that Appellant was competent to enter his plea and that this plea was made both freely and voluntarily. TEX. CODE CRIM. PROC. art. 26.13(b).

Appellant was orally admonished by the trial court; those admonishments were in substantial compliance with Article 26.13. (RR2: 7–11). The undersigned attorney is satisfied that, in the case at bar, these admonishments were sufficient to substantially comply with Art. 26.13.

The State introduced evidence sufficient to substantiate Appellant's plea of guilty to the charged offenses and true to the enhancement paragraph. TEX. CODE CRIM. PROC. art. 1.15. Appellant signed judicial confessions and stipulations of evidence in each case which were introduced as State's Exhibits 1 & 2. (State's Exhibits 1 & 2). The judicial confessions, standing alone, are sufficient evidence to support Appellant's convictions. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979); *Cevalles v. State*, 513 S.W.2d 865, 866 (Tex. Crim. App. 1974); *Davenport v. State*, 858 S.W.2d 13 (Tex. App.—Dallas 1993, no pet.). Furthermore, Appellant entered stipulations to his prior conviction alleged in the indictments which were admitted as State's Exhibit 11. (State's Exhibit 11).

The undersigned attorney has reviewed the voir dire proceedings. There were no objections during the voir dire. (RR2: 12-87). Neither the State nor Appellant objected as to the jury seated. (RR2: 87-88). Thus, there is nothing

4

presented for appellate review regarding the makeup of the jury. TEX. R. APP. P. 33.1. The undersigned attorney has reviewed the record to determine if any objections were made on Appellant's behalf which would support an issue on appeal. The following objection was made during the punishment phase of Appellant's trial:

**<u>Objection to Hearsay</u>**

Deputy Beggs testified regarding an assault Appellant made on her while in the holdover at the courthouse on a separate case. (RR3: 91-103). Beggs testified to her injuries and pictures of those injuries were admitted as State's Exhibits 43 & 45. (RR3: 97). Beggs testified about severe headaches she suffered as a result of the assault. (RR3: 98). In response to the question, "…have you learned new things about your injuries or what is gonna be the progression of your injuries or the lasting effects?" (RR3: 98). The officer responded, "At that time, they were treating severe headaches. They thought they might get better. They said somewhere between six and 12 months, the headaches will ease up and go away." (RR3: 98). Appellant objected to "hearsay as to medical testimony." (RR3: 99). The trial court overruled Appellant's objection.

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). Hearsay is inadmissible unless it falls under

5

certain exceptions to the hearsay rule pursuant to Rule 802. TEX. R. EVID. 802(1-24). Statements made for the purpose of medical diagnosis are an exception under Rule 802, subsection 4. TEX. R. EVID. 802(4). However, the rule applies to statements made by a patient to a medical professional or other person in the interest of treatment or diagnosis of a medical condition. *Taylor v. State*, 268 S.W.3d 571, 577-578 (Tex. Crim. App. 2008). In the case at bar, the patient is testifying to statements made to her by, presumably, the medical professionals she spoke with regarding her injuries. (RR3: 98-99). Therefore, Rule 802 would not allow admission of this statement. Furthermore, the statements do not appear to be admissible under any other exception under Rule 802. TEX. R. EVID. 802. Thus, it is possible the trial court erred by overruling Appellant's objection. However, if any error existed, it was harmless.

The Court of Criminal Appeals has held that the admission of evidence does not affect the substantial rights of the accused if, after looking at the record as a whole, it did not influence the jury or had only a "slight affect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). Furthermore, the Court of Criminal Appeals determined the erroneous admission of hearsay statements amounts to non-constitutional error. *Potier v. State*, 68 S.W.3d 657, 663-664 (Tex. Crim. App. 2002); TEX. R. APP. P. 44.2(b). "Not every hearsay error amounts to a constitutional violation. At a minimum, a defendant must demonstrate that the

6

excluded evidence was important to his defense." *Potier*, 68 S.W.3d at 663 (*quoting United States v. Lopez-Alvarez*, 970 F.2d 583, 588(9th Cir. 1992)). Therefore, the error will be ruled harmless unless it affects Appellant's substantial rights. TEX. R. APP. P. 44.2(b).

The admission of Begg's hearsay statements was harmless. The statements testified to by Beggs were made during punishment after Appellant had already entered a guilty plea in front of the jury to unlawful possession with intent to deliver cocaine on two separate occasions. Appellant also pled true to the enhancement paragraph in the indictments making the range of punishment a minimum of fifteen years and a maximum of 99 years, or life. Appellant received concurrent sentences of 40 years' incarceration in one case and 25 years' incarceration in the other. (CR1: 29, CR2: 26). The evidence showed Appellant was stopped in his vehicle on two separate occasions with cocaine and paraphernalia used to prepare drugs for sale such as baggies and a razor blade. (RR3: 19, 22, 29). In trial case number F06-68662-N, Appellant was sentenced to 40 year's incarceration when Appellant's teenage daughter was with him when he was arrested with cocaine in his vehicle. (RR3: 42, 125, 131; CR2: 26). In trial case number F06-62371, Appellant was sentenced to 25 year's incarceration when cocaine and a razor blade were on a plate on the passenger seat in addition to more cocaine under the driver's seat. (RR3: 22; CR1: 29).

7

The jury knew that prior to the case at bar, Appellant had already been tried by a jury and convicted of the assault testified to by Deputy Beggs. (RR3: 98, 101-102; State's Exhibit 9). Furthermore, Appellant stipulated to the prior conviction for assault on a public servant during the jury trial on punishment. (State's Exhibit 11). Beggs had already testified to the assault Appellant inflicted on her as well as other injuries, such as bruises. (RR3: 93-98). Further, the State showed the jury pictures of Beggs' injuries following the assault. (RR3: 97; State's Exhibits 43 and 45). Moreover, Appellant stipulated to evidence of four other prior felony convictions during Appellant's jury trial on punishment. (State's Exhibit 11). In light of the evidence regarding the charged offenses and the extraneous offense evidence admitted during the punishment trial, the admission of these statements regarding when Beggs' headaches would end did not affect the jury's decision regarding punishment or violate his substantial rights.

**Performance of Trial Counsel**

The undersigned attorney has reviewed the performance of trial counsel. The record reflects that Appellant received reasonably effective assistance of trial counsel, based on the standards of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984) and *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

8

The undersigned attorney has reviewed the jury charge regarding punishment. There is nothing in the record to indicate that the jury was improperly charged. (CR: 56-62). Regardless, there was no objection to the charge. (RR4: 169).

The punishment assessed is within the range established by the Legislature, and, as such, does not violate the constitutional prohibitions against cruel and unusual punishment under either U.S. CONST. art. VIII or TEX. CONST. art. I, § 13; *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). Nor does the undersigned attorney discern anything in the record to suggest that the punishment assessed is grossly disproportionate to the crime. *See Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L.Ed.2d 836 (1991). Additionally, no objection was made to the punishment assessed at trial.

In the undersigned attorney's professional opinion, Appellant received a fair trial free from reversible error.

## <u>CONCLUSION</u>

After full review of the record, the undersigned attorney is of the opinion that the appeal in this cause is frivolous and without merit.

9

Respectfully submitted,

Lynn Richardson
Chief Public Defender

/s/ *Nanette Hendrickson*
Nanette Hendrickson
Assistant Public Defender
State Bar No. 24081423
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-2
Dallas, TX.  75207-4399
(214) 653-3550 (telephone)
(214) 653-3539 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief was served on the Dallas County Criminal District Attorney's Office (Appellate Division), 133 N. Riverfront Blvd., LB-19, 10th Floor, Dallas, Texas, 75207, by hand delivery and electronic service to Lori Ordiway at DCDAAppeals@dallascounty.org on the 20th day of April, 2015.

/s/ *Nanette Hendrickson*
Nanette Hendrickson

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing brief contains 2,617 words.

/s/ *Nanette Hendrickson*
Nanette Hendrickson