**Bradley Eugene HENSLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 741–91.**

Court of Criminal Appeals of Texas,
En Banc.

April 7, 1993.

Gary C. Bowers, Humble, for appellant.

D.C. Jim Dozier, County Atty. and Robert Bartlett, Asst. County Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant, Bradley Eugene Hensley, was charged with the offenses of driving while intoxicated and failing to maintain a single marked lane. Article 6701*l*–1, and Article 6701d, Section 60(a), V.A.C.S. On November 28, 1989, appellant entered a plea of guilty to the offense of failure to maintain a single marked lane and paid a fine. On November 9, 1990, appellant entered a special plea of double jeopardy to the D.W.I. charge. The trial court granted the special plea and the charge for the offense of driving while intoxicated was dismissed with prejudice.

Upon appeal by the State, the Beaumont Court of Appeals reversed, and held that the Double Jeopardy Clause does not bar the State from prosecuting appellant for the charge of driving while intoxicated because the State need not prove the failure to drive the vehicle within a single marked lane in order to prove appellant was driving while intoxicated. *State v. Hensley*, 810 S.W.2d 20 (Tex.App.—Beaumont 1991, pet. granted). Since the State could prosecute the charge of driving while intoxicated by establishing appellant's blood alcohol level, the Court of Appeals determined that none of the elements of the D.W.I. offense as alleged in the information would depend on proof of any of the elements of the previously prosecuted offense. We granted appellant's petition for discretionary review to determine whether the Double Jeopardy Clause [1] bars a subsequent prosecution if, to establish an essential element of an of-

---

1. Appellant sets forth only a United States constitutional claim, invoking the double jeopardy clause of the Fifth Amendment as applied to the states through the due process clause of the Fourteenth Amendment.

The Double Jeopardy Clause of the Fifth Amendment states in pertinent part: "... nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb...."

fense charged in that prosecution, the State will submit evidence of conduct that constitutes an offense for which the defendant has already been prosecuted.

When the Court of Appeals addressed appellant's contentions, it did not have the benefit of this Court's recent opinions in *State v. Houth*, 845 S.W.2d 853 (Tex.Cr. App., 1992), or *Parrish v. State*, 851 S.W.2d 864 (Tex.Cr.App., 1993). We therefore vacate the judgment of the Court of Appeals and remand this cause for consideration in light of *Houth* and *Parrish*, both supra.