The STATE of Texas, Appellant,

v.

George Perez HOLGUIN, Appellee.

No. 1102–92.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 29, 1993.

**920**

Jeff Blackburn, Amarillo, for appellee.

Dale W. Elliott, County Atty., and Sonya Letson, Asst. County Atty., Amarillo, Robert Huttash, State's Atty., and Jeffrey L. Van Horn, Asst. State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

Appellee was convicted of possession of drug paraphernalia. See V.T.C.A., Health and Safety Code, Section 481.125(a). The State subsequently charged appellee with possession of marihuana. See V.T.C.A., Health and Safety Code, Section 481.121(a). The possession of drug paraphernalia and possession of marihuana offenses arose out of the same transaction when appellee was arrested for public intoxication. During trial, the trial court, upon appellee's request, dismissed the possession of marihuana prosecution on double jeopardy grounds on the basis of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The Court of Appeals affirmed the trial court's ruling in an unpublished opinion. *State v. Holguin*, No. 07–91–0060–CR (Tex.App.—Amarillo, June 22, 1992). We granted the State's petition for discretionary review to determine whether a prior conviction for possession of drug paraphernalia bars a subsequent prosecution for possession of marihuana on double jeopardy grounds where both prosecutions arose out of the same transaction and the paraphernalia and the marihuana were located in the same container. We will reverse the Court of Appeals.

■ The Supreme Court recently overruled *Grady* in *United States v. Dixon*, 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In successive prosecution contexts, we apply the "same-elements" test set out in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); see also *Dixon*, 509 U.S. at ——, 113 S.Ct. at 2851. This test inquires whether each offense contains an element not contained in the other; if not, double jeopardy bars a successive prosecution. See *id.*

■ Appellee's prosecution on the possession of marihuana charge following his conviction on the possession of drug paraphernalia charge is not barred under *Blockburger* because both offenses contain an element the other does not contain. To convict appellee of possession of marihuana, the State must establish (1) appellee (2) intentionally or knowingly (3) possessed (4) a usable quantity of marihuana. See Section 481.121(a). To convict appellee of possession of drug paraphernalia, the State must establish (1) appellee (2) intentionally or knowingly (3) possessed with intent to use (4) drug paraphernalia (5) in order to store, contain, or conceal a controlled substance or to ingest, inject, inhale, or otherwise introduce into the human body a controlled substance. See Section 481.125(a). Each of these offenses obviously

consists of dissimilar elements, and each offense requires proof of elements not required by the other.

We reverse the judgment of the Court of Appeals and remand the cause to the trial court.

MILLER and MALONEY, JJ., concur.

WHITE, J., not participating.