Michael Andrea RICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 962–92.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 29, 1993.

Steve Hebert, Baytown, for appellant.

Michael R. Little, Dist. Atty., Anne Streit, Asst. Dist. Atty., Liberty, Robert Huttash, State's Atty., and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

A jury convicted appellant of burglary of a building with intent to commit theft and assessed punishment at confinement for ninety-nine years. See V.T.C.A., Penal Code, Section 30.02(a)(1). Appellant previously was convicted of theft. See V.T.C.A., Penal Code, Section 31.03. The State subsequently prosecuted appellant for the present offense. Both offenses arose out of the same transaction. In a direct appeal to the Beaumont Court of Appeals, appellant claimed in a single point of error that his conviction for the present offense violates the double jeopardy clause of the Fifth Amendment to the United States Constitution, and *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The Court of Appeals disagreed, and affirmed the conviction. *Rice v. State,* 831 S.W.2d 599 (Tex.App.—Beaumont 1992). We granted appellant's petition for discretionary review to address the double jeopardy question. We will affirm.

The Supreme Court recently overruled *Grady* in *United States v. Dixon,* 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In successive prosecution contexts, we apply the "same-elements" test set out in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); see also *Dixon,* 509 U.S. at ——, 113 S.Ct. at ——. This test inquires whether each offense contains an element not contained in the other; if not, double jeopardy bars a successive prosecution. See *id.*

Appellant's conviction on the burglary charge following his conviction on the theft

charge is not barred under *Blockburger* because the burglary and the theft offenses contain an element the other does not contain. The theft charge requires the State to prove appropriation of property without the owner's effective consent; the burglary charge does not. Compare Section 31.03 *with* Section 30.02(a)(1). The burglary charge requires the State to prove entry into a building not open to the public without effective consent of the owner; the theft charge does not. Compare Section 30.-02(a)(2) *with* Section 31.03.

The Court of Appeals' judgment is affirmed.

CLINTON, MILLER and MALONEY, JJ., concur.

WHITE, J., not participating.