The STATE of Texas, Appellant,

v.

William David KELLEY, Appellee.

No. A14–93–00001–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 28, 1993.

Timothy G. Taft, Houston, for appellant.

Peter W. Lewis, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

Pursuant to a plea bargain whereby the State abandoned the enhancement paragraphs, appellee pled nolo contendere to the charge of aggravated kidnapping with intent to violate and abuse the complainant sexually. See TEX.PENAL CODE ANN. § 20.04(a)(4) (Vernon 1989). Appellee was assessed twenty years confinement. The State subsequently charged appellee with burglary of a building with intent to commit sexual assault. See TEX.PENAL CODE ANN. § 30.02(a)(1) and (3) (Vernon 1989). The aggravated kidnapping and burglary of a building offenses arose out of the same transaction. Prior to trial on the second charge, the trial court granted appellee's request to quash the indictment on grounds that prosecution for the offense was barred by the double jeopardy protections of the United States Constitution and our State Constitution. In a single point of error, the State asserts that the trial court erred in granting appellee's plea in jeopardy, thus barring prosecution for the offense of burglary of a building with intent to commit sexual assault. We reverse.

In determining whether a successive prosecution is barred by double jeopardy, we apply the "same-elements" test, sometimes referred to as the *"Blockburger"* test. *See e.g., Brown v. Ohio,* 432 U.S. 161, 168–169, 97 S.Ct. 2221, 2226–2227, 53 L.Ed.2d 187 (1977); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (multiple punishment); *Gavieres v. United States,* 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489 (1911) (successive prosecutions); *see also United States v. Dixon,* 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). The *Blockburger* test inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars successive prosecution. *Dixon,* 509 U.S. at ——, 113 S.Ct. at 2856. Texas courts have consistently followed *Blockburger.* *See State v. Holguin,* 861 S.W.2d 919 (Tex.Crim.App.1993); *Rice v. State,* 861 S.W.2d 925 (Tex.Crim.App.1993); *Phillips v. State,* 787 S.W.2d 391, 394 (Tex. Crim.App.1990); *Spradling v. State,* 773 S.W.2d 553, 555 (Tex.Crim.App.1989); *Ex parte McWilliams,* 634 S.W.2d 815, 824 (Tex. Crim.App.1982).

Appellee's prosecution on the burglary charge following his conviction on the aggravated kidnapping charge is not barred under *Blockburger* because both offenses contain an element the other does not contain. Under the facts of this case, a charge of aggravated kidnapping required the State to prove that appellee intentionally or knowingly abducted another person with the intent to violate or abuse her sexually. To convict appellee of the subsequent charge of burglary of a building with intent to commit sexual assault, the State would be required to prove that appellee, with the intent to commit sexual assault, entered a building not then open to the public, without the effective consent of the owner. Each of these offenses obviously consists

of dissimilar elements, and each offense requires proof of elements not required by the other. Accordingly, we sustain the State's sole point of error.

The judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.