The STATE of Texas, Appellant,

v.

Bradley Eugene HENSLEY, Appellee.

No. 966–93.

Court of Criminal Appeals of Texas, En Banc.

Nov. 24, 1993.

Gary C. Bowers, Humble, for appellant.

D.C. Jim Dozier, County Atty., and Robert Bartlett, Asst. County Atty., Conroe, Robert Huttash, State's Atty., and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellee was convicted of failure to maintain a single marked lane and paid a fine.

---

**22.** *See also Lewis v. State*, 815 S.W.2d 560, 567 (Tex.Crim.App.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1296, 117 L.Ed.2d 519 (1991).

Thereafter, he entered a special plea of double jeopardy to a charge of driving while intoxicated. The trial court granted the special plea and dismissed with prejudice the charge for driving while intoxicated. The State appealed and the Beaumont Court of Appeals reversed following an analysis of the double jeopardy issue under *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). *State v. Hensley,* 810 S.W.2d 20 (Tex.App.—Beaumont 1991). This Court vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for consideration in light of *State v. Houth,* 845 S.W.2d 853 (Tex.Cr.App.1992), and *Parrish v. State,* 851 S.W.2d 864 (Tex. Cr.App.1993). *Hensley v. State,* 851 S.W.2d 867 (Tex.Cr.App.1993).

On remand, the Court of Appeals reversed the trial court's dismissal and remanded the cause to the trial court to give the State the opportunity to comply with the requirement in *Parrish* that the State commit itself in writing that it would not prove conduct in the driving while intoxicated case for which Appellee was previously prosecuted in the failure to maintain a single lane case. *State v. Hensley,* 858 S.W.2d 13 (Tex.App.—Beaumont 1993). The State filed the instant petition for discretionary review pointing out that after the Court of Appeals issued its opinion on remand, the United States Supreme Court overruled *Grady* in *United States v. Dixon,* 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

■ We recently recognized this development and held that in successive prosecution contexts we apply the "same-elements" test set out in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and reaffirmed in *Dixon,* 509 U.S. at ——, 113 S.Ct. at 2856. *Rice v. State,* 861 S.W.2d 925 (Tex.Cr.App.1993); *State v. Holguin,* 861 S.W.2d 919 (Tex.Cr.App.1993). This test inquires whether each offense contains an element not contained in the other; if not, double jeopardy bars a successive prosecution. *Id.*

■ Because of the recent change in case law on this issue, the Court of Appeals has not had the opportunity to conduct a *Blockburger* analysis. We summarily grant the

State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this cause to the Court of Appeals for consideration in light of *Rice* and *Holguin.*

OVERSTREET, Judge, dissenting.

I dissent to a second remand of this case for re-analysis by the Court of Appeals. The United States Supreme Court as the majority correctly states has overruled *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) in *United States v. Dixon,* 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). This case is now subject to analysis under *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

A remand is an unnecessary waste of time and resources when the result is crystal clear. This Court can very easily do the *Blockburger* analysis. The majority chooses to keep this case in appellate orbit and I dissent to such.