Ex parte Douglas Allen LOWERY,
Appellant.

No. 05–92–00370–CR.

Court of Appeals of Texas,
Dallas.

Sept. 22, 1994.

Discretionary Review Refused Jan. 25, 1995.

Allan Fishburn, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before LAGARDE, MALONEY and CHAPMAN, JJ.

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

LAGARDE, Justice.

We withdraw our opinion of August 12, 1994. The following is now the opinion of this Court.

Douglas Allen Lowery was indicted for murder and convicted by a jury of the lesser included offense of criminally negligent homicide. The State then indicted appellant for aggravated robbery. Appellant filed a pretrial application for writ of habeas corpus, contending that prosecution for aggravated robbery was barred by the federal and state prohibitions against double jeopardy due to his prior murder prosecution. The trial court denied relief. Appellant appealed, and this Court reversed, holding that the second prosecution was barred under *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). *See Ex parte Lowery,* 840 S.W.2d 550, 555, 558 (Tex.App.—Dallas 1992), *rev'd,* 867 S.W.2d 41 (Tex.Crim.App. 1993). The court of criminal appeals granted the State's petition for discretionary review to determine whether this Court correctly applied *Grady v. Corbin. Ex parte Lowery,* 867 S.W.2d 41 (Tex.Crim.App.1993). While the case was pending before the court of criminal appeals, the United States Supreme Court issued *United States v. Dixon,* —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), in which it overruled *Grady v. Corbin.* Noting that we did not have the benefit of *Dixon* when we decided Lowery's appeal, the court of criminal appeals reversed our judgment and remanded the cause to us "for reconsideration in light of *Dixon." Ex parte Lowery,* 867 S.W.2d at 41. We now affirm the trial court's denial of relief.

■ Both the United States and Texas Constitutions provide that no person shall be twice placed in jeopardy for the same offense. U.S. CONST. amends. V & XIV; TEX. CONST. art. 1, § 14. Both provisions protect against multiple punishments and successive prosecutions for the same offense. *Dixon,*

—— U.S. at ——, 113 S.Ct. at 2855 (citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)); *Ex parte Kopecky,* 821 S.W.2d 957, 958 (Tex.Crim.App. 1992); *State v. Marshall,* 814 S.W.2d 789, 791 (Tex.App.—Dallas 1991, pet. ref'd).

■ To determine whether a prosecution violates the protection against multiple punishments, courts apply the same-elements test set out in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). To make this determination, courts must examine the statutes that define each offense to see whether each statute requires proof of an additional fact or element the other does not. *See Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182; *see also Marshall,* 814 S.W.2d at 791.

■ To determine whether a prosecution violates the federal or state protections against successive prosecutions, courts first apply the *Blockburger* test. *See Dixon,* —— U.S. at ——, 113 S.Ct. at 2856; *Marshall,* 814 S.W.2d at 792. In *Grady,* the Supreme Court added a second test, the same-conduct test, to be applied if *Blockburger* did not bar the second prosecution. Under this test, "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady,* 495 U.S. at 521, 110 S.Ct. at 2093. In *Dixon,* the Supreme Court declared the *Grady* same-conduct test to be both wrong and unworkable and overruled *Grady. Dixon,* —— U.S. at ——, 113 S.Ct. at 2863. The demise of *Grady* leaves the *Blockburger* same-elements test as the sole test for determining whether a prosecution violates the protection against successive prosecutions.

■ Following *Dixon,* the court of criminal appeals re-examined what is meant by "same elements." *See Parrish v. State,* 869 S.W.2d 352, 354–55 (Tex.Crim.App.1994). In *Parrish,* the court of criminal appeals noted that the same-elements test requires more than a mere comparison of the statutes. The court stated that the charging instruments should be examined. Relevant factors from

the charging instruments include the time and place of the offenses as well as the identity of the defendants and complainants and the manner and means used in committing the offenses. *Id.* at 354. In *Parrish,* the court of criminal appeals determined whether a defendant who had previously been convicted of speeding could subsequently be tried for driving while intoxicated. The court determined that the two offenses as charged involved the same conduct, driving on a highway. *Id.* The court stated that the elements of driving at an imprudent speed and of being intoxicated are not a subset of one another. *Id.* at 355. As the court noted, "the State need *never,* in this or in any case, necessarily prove imprudent speed in order to establish intoxication." *Id.* The court concluded that charging the defendant with driving while intoxicated did not violate the same-elements test. *Id.*

■ In this case, as in *Parrish,* the defendants, complainants, dates, and places as charged in the two indictments are the same. Likewise, both indictments charge the same conduct: striking Lester Heiny, Jr. on the head with a deadly weapon, to wit: a bat. The indictments' other elements, however, are unrelated. The murder indictment alleges that appellant "cause[d] the death" of Heiny, while the aggravated robbery indictment alleges that appellant was "in the course of committing theft of property . . . a wallet and current money of the United States of America, without the effective consent of" Heiny. Theft and causing death are not subsets of one another. The State need never prove death in order to establish theft. Therefore, as in *Parrish,* the indictments compared in this case do not violate the same-elements test.

We hold that the trial court did not err in denying relief. We overrule appellant's point of error and affirm the trial court's order denying the writ of habeas corpus.