**Jorge Alberto FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–93–00720–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 16, 1995.

John A. Pope, Law Office of John A. Pope, III, Rio Grande City, for appellant.

Heriberto Silva, District Attorney, San Diego, Jon William West, Asst. District Attorney, Rio Grande City, for appellee.

Before STONE, BUTTS[1], ONION[2], JJ.

## OPINION

JOHN F. ONION, Jr., Justice (Assigned).

This appeal is taken from a conviction for burglary of a habitation,[3] the offense having been shown to have occurred on September 15, 1992. The jury, having found appellant, Jorge Alberto Flores, guilty, assessed his punishment at thirty-two years' imprisonment.

Appellant advances five points of error. In three of his points of error, appellant contends that the trial court erred in overruling his plea of double jeopardy in violation of the Fifth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and Article I, Section 14 of the Texas Constitution. The fourth point of error contends the trial court erred in overruling his double jeopardy plea based on the doctrine of collateral estoppel. The last point urges error in the admission into evidence of a photograph showing the body of the "owner"-decedent.

The record shows that appellant was indicted in cause number 92–CR–162 for capital murder. The indictment alleged that on or about September 15, 1992, appellant did then and there

> intentionally and knowingly cause the death of an individual, namely, Lazaro Barrera, by shooting him with a deadly weapon, to wit: a firearm, and the defendant was then and there in the course of committing and attempting to commit the offense of Burglary of a Building of Lazaro Barrera, who was the owner of said building.

See Act of April 16, 1985, 69th Leg., R.S. Ch. 44, § 1, 1985 Tex.Gen.Laws 434, TEX.PENAL

---

1. Justice Shirley W. Butts not participating.

2. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

3. Act of May 24, 1973, 63rd Leg., R.S., Ch. 399, § 1, 1973 Tex.Gen.Laws 883, 926, TEX.PENAL CODE § 30.02(a)(1), since amended.

CODE § 19.03(a)(2),[4] since amended.[5] Appellant was tried before a jury in Starr County, and on March 16, 1993, the jury found him "not guilty" of the capital murder alleged.

On April 1, 1993, appellant was indicted in cause no. 93–CR–60 for the offense of burglary of a habitation. The indictment in pertinent part alleged that on or about September 15, 1992, appellant did then and there: "with intent to commit theft, intentionally and knowingly enter a habitation, without the effective consent of Lazaro Barrera, the owner thereof." Appellant's motion to dismiss the indictment (plea of jeopardy) was overruled. As earlier noted, appellant was convicted and his punishment was assessed at thirty-two years' imprisonment.

■ We shall consider appellant's first two points of error together. The Fifth Amendment to the United States Constitution provides in pertinent part: "[N]or shall any person be subject for the same offense to be twice placed in jeopardy of life or limb; ...." U.S. CONST. amend. V. This guarantee was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). The Texas Constitution provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. I, § 14. These prohibitions serve to protect against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex.Crim.App.1990) (op. on reh'g); *Smith v. State*, 873 S.W.2d 773, 775 (Tex. App.—Fort Worth 1994, no pet.). Thus, both provisions protect against multiple punishments and successive prosecutions for the same offense. *Ex parte Kopecky*, 821 S.W.2d 957, 958 (Tex.Crim.App.1992); *State v. Mar-*

*shall*, 814 S.W.2d 789, 791 (Tex.App.—Dallas 1991, pet. ref'd).

■ To determine whether a prosecution violates the protection against multiple punishments, courts apply the same-elements test set out in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). To make this determination, courts must examine the statutes that define each offense to see whether each statute requires proof of an additional fact or element the other does not. *Id.; Marshall*, 814 S.W.2d at 791. "Blockburger requires a straightforward comparison of the elements of each offense, without reference to the actual proof that will be introduced at trial, to determine whether there is any difference between the crimes." Peter J. Henning, *Precedents in a Vacuum: The Supreme Court Continues to Tinker with Double Jeopardy*, 31 AM.CRIM.L.REV. 1, 9 (1993) [hereinafter Henning]. *Blockburger* has been held to be a rule of statutory construction. *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1142–43, 67 L.Ed.2d 275 (1981); *Whalen v. United States*, 445 U.S. 684, 691, 100 S.Ct. 1432, 1437, 63 L.Ed.2d 715 (1980).

The decisions in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), *Whalen*, 445 U.S. at 684, 100 S.Ct. at 1433–34, *Albernaz*, 450 U.S. at 333, 101 S.Ct. at 1139–40, *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), and *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), clearly indicate that the *Blockburger* test was being applied to successive prosecution cases as well as in the multiple punishments context. *See Henning, supra*, at 9–11.

In *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), *overruled by United States v. Dixon*, 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the United States Supreme Court determined that the *Blockburger* test would not further the

---

**4.** Section 19.03(a)(2) in effect at the time of the alleged offense provided in pertinent part:

　(a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

　　. . . .

　　(2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, or arson;

**5.** *See* TEX.PENAL CODE ANN. § 19.03(a)(2) (Vernon 1994), unchanged.

policy interests of the double jeopardy doctrine as set forth in *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223–24, 2 L.Ed.2d 199 (1957). *Grady,* 495 U.S. at 518–19, 110 S.Ct. at 2091–92. Justice Brennan, writing for the majority, stated that *Blockburger* applied only to cases involving multiple punishments because successive prosecutions raised concerns which the *Blockburger* standard could not and did not address. *Id.* First, the *Blockburger* test, focusing on the statutory elements of the two offenses, was to be applied. If the offenses were the same under that test, the prosecution would be barred. If not, a second prong would be applied. The court would be required to consider whether if "to establish an essential element of an offense charged in that prosecution [the government] will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady,* 495 U.S. at 521, 110 S.Ct. at 2093.

In *United States v. Dixon,* 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the Supreme Court declared the *Grady* "same conduct" test to be badly reasoned and unworkable. *Id.* at ——, 113 S.Ct. at 2863. The spading of an early grave for *Grady* revived the 1932 *Blockburger* test as the sole test for determining whether a prosecution violates the protection against successive prosecutions in the double jeopardy context. *Parrish v. State,* 869 S.W.2d 352, 353 (Tex. Crim.App.1994). Courts, relying on *Dixon* for guidance, may face difficulty in properly applying the standard in successive prosecution cases. As reflected by the fragmented voting in *Dixon,* Justice Scalia's analysis of *Blockburger* applies a more flexible approach to the same elements test that looks both to the strict application of the *Blockburger* analysis and whether one statute is a "species of a lesser-included offense."[6]

Alvin Dixon was charged with second degree murder. He was released on bail under the condition that he not commit "any criminal offense" pending trial and was warned that a violation of this condition would subject him to a contempt prosecution. *Dixon,* 509 U.S. at ——, 113 S.Ct. at 2853. While awaiting trial for murder, Dixon was arrested and indicted for possession of cocaine with intent to distribute. The trial court subsequently found Dixon guilty of criminal contempt, concluding that the government had established beyond a reasonable doubt that Dixon had possession of the cocaine with intent to distribute, proving each element of the cocaine charge in order to get a contempt conviction. *Id.* Dixon later moved to dismiss the cocaine possession indictment on double jeopardy grounds, and the trial court granted the motion. *Id.* Justice Scalia reasoned that the prosecution for the cocaine charge failed the *Blockburger* "same elements" test because the cocaine possession offense did not include any element not contained in Dixon's previous contempt offense. *Id.* at ——, 113 S.Ct. at 2857.

Thus, Justice Scalia concluded that the prosecution for the cocaine possession violated the double jeopardy clause. *Id.* at ——, 113 S.Ct. at 2858;[7] *see also Ex parte Brosky,* 863 S.W.2d 783, 788 (Tex.App.—Fort Worth 1993, no pet.). In finding that the substantive act (cocaine possession) was a "species of lesser included offense" of the charge of contempt, Justice Scalia appears to have focused on the underlying conduct of the offenses.[8] He relied upon *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam), where it was held that a subsequent prosecution for robbery with a firearm was barred by the double jeopardy clause because the defendant had already been tried for felony murder based on the same underlying felony. *Dixon,* 509 U.S. at ——, 113 S.Ct. at 2858. This part of the *Dixon* opinion does not have the support of the majority. Only Justice Kennedy joined Justice Scalia in this part of the opinion. *Id.* at ——, 113 S.Ct. at 2852; *Brosky,* 863 S.W.2d at 788.

6. Chief Justice Rehnquist, Justices O'Connor and Thomas, while agreeing that *Grady* should be overruled, would apply only the strict test of *Blockburger* and were critical of Justice Scalia's flexible approach. *Dixon,* 509 U.S. at ——, 113 S.Ct. at 2865–68.

7. Justice Scalia reached the same result as to count one of the charges against the companion defendant-by-consolidation Foster. *Dixon,* 509 U.S. at ——, 113 S.Ct. at 2858.

8. *See The Supreme Court, 1992 Term—Leading Cases,* 107 HARV.L.REV. 144, 146 (1993).

The net effect of *Dixon* is that *Grady* has been overruled, leaving *Blockburger* as the sole test of the same offense for successive prosecutions as well as for multiple punishments in a single prosecution. How *Blockburger* is to be applied in successive prosecutions cases, however, appears far from settled. The split opinions in *Dixon* do "not provide much meaningful guidance on how to judge whether a successive prosecution involves the same elements as the prior action." *See Henning, supra,* at 4. One commentator has stated that under the *Dixon–Blockburger* standard "courts must determine whether the statutory elements of the offenses are the same, as well as consider whether one offense is a lesser included offense or a species of a lesser offense of the other." Kathryn A. Pamenter, *Case Comment, United States v. Dixon: The Supreme Court Returns to the Traditional Standard for Double Jeopardy Clause Analysis,* 69 NOTRE DAME L.REV. 575, 596 (1994) [hereinafter Pamenter]. Some thoughts have been expressed that the application of *Harris v. Oklahoma* provides an exception to the *Blockburger* approach. *Pamenter, supra,* at 589 n. 102; *see United States v. Colon–Osorio,* 10 F.3d 41, 46 (1st Cir.1993) *cert. denied,* —— U.S. ——, 114 S.Ct. 2749, 129 L.Ed.2d 867 (1994). It has also been stated that *Harris* is completely consistent with a *Blockburger* analysis. *State v. Kurzawa,* 180 Wis.2d 502, 509 N.W.2d 712, 719 *cert. denied,* —— U.S. ——, 114 S.Ct. 2712, 129 L.Ed.2d 839 (1994).

In Texas, following the *Dixon* opinions, the Court of Criminal Appeals, at least in the earlier cases, strictly applied the *Blockburger* test, noting that the test simply inquires whether each offense contains an element not contained in the other; if not, double jeopardy bars a successive prosecution. *See State v. Hensley,* 866 S.W.2d 28, 29 (Tex.Crim.App.

1993); *Rice v. State,* 861 S.W.2d 925, 925 (Tex.Crim.App.1993); *State v. Holguin,* 861 S.W.2d 919, 920 (Tex.Crim.App.1993). The courts of appeals reached the same result. *See, e.g., Jones v. State,* 867 S.W.2d 63, 64 (Tex.App.—Corpus Christi 1993, pet. ref'd); *State v. Kelley,* 866 S.W.2d 650, 651 (Tex. App.—Houston [14th Dist.] 1993, no pet.).

In *Parrish v. State,* 869 S.W.2d 352 (Tex. Crim.App.1994), the Court of Criminal Appeals re-examined what is meant by the "same elements" test since *Dixon. Parrish* recognized that *Dixon* had established the *Blockburger* test "as the sole criteria for analyzing sameness under the Double Jeopardy Clause of the United States Constitution," but considered the core meaning of *Blockburger* to be more in dispute than ever before. *Id.* at 353–54. The court agreed with the defendant that the lead opinion in *Dixon* (Justice Scalia's) required more than a mere comparison of the elements of the statutes, it also required a determination whether one offense constitutes a species of lesser included offense so as to preclude conviction for another. *Id.* at 354. In applying *Dixon,* the court felt free to refer to its own definition and view of lesser included offenses. It stated:

> We likewise think it reasonably clear from the various opinions in *Dixon* that the essential elements *relevant to a jeopardy inquiry* are those of the charging instrument, not of the penal statute itself. Statutory elements will, of course, always make up a part of the accusatory pleading, but additional nonstatutory allegations are necessary in every case to specify the unique offense with which the defendant is charged.

*Id.* (emphasis added).[9]

The *Parrish* court held that the relevant factors from the charging instruments in-

---

9. The Court of Criminal Appeals did not cite any portion of the opinions in *Dixon* to support its statement. It is observed that statutory elements are included in the test devised but are given a second priority.

In *United States v. Adams,* 1 F.3d 1566 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1310, 127 L.Ed.2d 660 (1994), the court was presented with the issue of whether the "ele-

ments" of an offense in a *Blockburger* analysis are to be drawn from the indictment or from the statute codifying the offense. The court concluded that in a successive prosecution double jeopardy analysis, the *Blockburger* test is to be applied to the statutory elements underlying each indictment or count, not to the averments that go beyond the statutory elements. *Id.* at 1574. *See also State v. Miranda,* 644 So.2d 342, 345 (Fla. Dist.Ct.App.1994).

clude the time and place of the offenses as well as the identity of the defendant and complainant and the manner and means used in committing the offenses. *Id.* Finding that under Texas law neither driving while intoxicated nor speeding were lesser included offenses of the other, nor subsets of one another under *Blockburger*, the court held that there was no violation of the double jeopardy clause of the Fifth Amendment. *Id.* at 355.

*Ex parte Lowery*, 886 S.W.2d 827 (Tex. App.—Dallas 1994, pet. ref'd), followed *Parrish*. It noted that as in *Parrish*, the defendants, complainants, dates and places were the same, and that the indictments in each case charged the same conduct. *Id.* at 829. *Lowery* found, however, that the elements in each offense were unrelated, that theft and "causing death" were not subsets of one another and that the *Blockburger* test did not bar the second prosecution. *Id.*

■ In the instant case there is no question that the defendant, complainant, date, and place in each case were the same. The offenses grew out of the same transaction. The elements of capital murder charged in cause number 92–CR–162 were (1) a person (2) intentionally and knowingly caused the death of an individual (3) by shooting him with a firearm (4) while in the course of committing or attempting to commit a burglary of a building. The elements of burglary of a habitation as alleged in the indictment in cause number 93–CR–60 are (1) a person (2) intentionally and knowingly entered a habitation (3) without the effective consent of the owner (4) with intent to commit theft of property.[10]

One does not need an idiot card or teleprompter to see that by a mechanical comparison of the elements under a strict application of the *Blockburger* test that the Double Jeopardy Clause was not violated. The second prosecution is not barred if each offense contains an element not contained in the other. This is true in the instant case. *See Rice*, 861 S.W.2d at 925–26 (holding that under the *Blockburger* test a conviction for

burglary of a building was not barred by a prior conviction for theft growing out of the same transaction).

■ Moreover, as to any claim in the instant case that burglary of a habitation with intent to commit theft was a species of a lesser included offense of capital murder,[11] there are several observations to be made. In Texas, an offense is considered a lesser included offense if, inter alia, it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. TEX.CODE CRIM.PROC.ANN. art. 37.09(1) (Vernon 1981). Our research has failed to reveal a Texas case holding that burglary is a lesser included offense of murder. Further, a capital murder indictment is not required to allege the elements of burglary if that be the capital feature which brings the killing within the provisions of section 19.03(a)(2) of the Penal Code. *See Beathard v. State*, 767 S.W.2d 423, 431 (Tex.Crim.App. 1989); *cf. Hammett v. State*, 578 S.W.2d 699, 708 (Tex.Crim.App.1979, *pet. withdrawn*, 448 U.S. 725–726, 100 S.Ct. 2905, 65 L.Ed.2d 1086 (1980) (involving robbery as the capital feature of a capital murder indictment). In *Woodkins v. State*, 542 S.W.2d 855 (Tex. Crim.App.1976), it was held that robbery was not a lesser included offense of capital murder "simply because it was incumbent on the State to prove the element of robbery in establishing capital murder...." *Id.* at 858; *see More v. State*, 692 S.W.2d 912, 920 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). "It is possible that the proof necessary to establish the element 'in the course of committing robbery' would not be sufficient to establish proof of a completed robbery." *Broussard v. State*, 642 S.W.2d 171, 173 (Tex. Crim.App.1982). In the instant case, the capital murder alleged the capital feature as "in the course of committing and attempting to commit the burglary of a building...." The State was not required to prove a completed burglary of a building or a completed attempt to commit burglary of a building.

---

**10.** Pertinent parts of the indictments have been set out earlier in the opinion.

**11.** Appellant has made no express claim and has not briefed the issue. *See* TEX.R.APP.P. 74(f).

*Id.*[12] Moreover, the accusatory pleading in the instant capital murder case in alleging the capital feature did not allege a complete burglary of a habitation with intent to commit theft as alleged in the second indictment. After examining the statutory elements of the offenses under the regular *Blockburger* test and the nonstatutory allegations in the accusatory pleadings as *Parrish* would have us do, we conclude in light of the *Dixon–Blockburger* standard that the Double Jeopardy Clause of the Fifth Amendment made applicable to the states by the Due Process Clause of the Fourteenth Amendment of the United States Constitution does not bar appellant's conviction for burglary of a habitation with intent to commit theft. Appellant's first two points of error are overruled.

In his third point of error, appellant complains that the trial court erred in overruling his "motion to dismiss" (plea of jeopardy) in violation of his double jeopardy rights under Article I, Section 14 of the Texas Constitution.

The Court of Criminal Appeals has held that the federal and state constitutional provisions concerning double jeopardy are conceptually identical. *Stephens v. State,* 806 S.W.2d 812, 815 (Tex.Crim.App.1990), *cert. denied,* 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); *Phillips v. State,* 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990). Recognizing this view, a number of courts of appeals have held that the Texas constitutional guarantee against double jeopardy gives no greater rights than the federal constitutional guarantee. *Ex parte Davis,* 893 S.W.2d 252, 256 (Tex.App.—Austin 1995, no pet. h.) and cases therein cited.

■ Moreover, appellant has briefed four points of error together and has not offered any argument or authority as to the protection provided by the state constitutional provision or how that protection differs meaningfully from that provided by the Fifth and Fourteenth Amendments. We consider ap-

pellant's point of error to be inadequately briefed and not properly presented. *Ex parte Granger,* 850 S.W.2d 513, 515 n. 6 (Tex.Crim.App.1993); *Narvaiz v. State,* 840 S.W.2d 415, 432 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993); *Heitman v. State,* 815 S.W.2d 681, 690–91 n. 23 (Tex.Crim.App. 1991); *Morehead v. State,* 807 S.W.2d 577, 579 n. 1 (Tex.Crim.App.1991); *McCambridge v. State,* 712 S.W.2d 499, 501–02 n. 9 (Tex. Crim.App.1986), *cert. denied,* 495 U.S. 910, 110 S.Ct. 1936, 109 L.Ed.2d 299 (1990); Tex. R.App.P. 74(f). Appellant's third point of error is overruled.

In his fourth point of error appellant argues that the trial court erred in overruling the "plea of 'collateral estoppel' in that the prior charge of capital murder included the lesser offense of Burglary with intent to commit theft, the subject matter of the second trial, and the issue of burglary and/or theft cannot be relitigated in any further criminal charge."

The federal rule of collateral estoppel in criminal cases is embodied in the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970). The United States Supreme Court has noted that:

> "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principal in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

*Id.* at 443, 90 S.Ct. at 1194; *see Dedrick v. State,* 623 S.W.2d 332, 336 (Tex.Crim.App. 1981).

■ "Application of the rule depends upon whether some issue necessary for the prosecution's case in the second trial has necessarily been found for the defendant in the first trial." 21 Tex.Jur.3d, *Criminal Law,* § 1658.

---

**12.** This is not to say that robbery, burglary, or other offenses listed in section 19.03(a)(2) of the Texas Penal Code can never be lesser included offenses of capital murder. *Broussard,* 642 S.W.2d at 173. Whether one offense bears such a relationship to the offense charged so as to constitute a lesser included offense must be made by a case-by-case determination under Texas law. *Chanslor v. State,* 697 S.W.2d 393, 396 (Tex. Crim.App.1985); *Ex parte McClelland,* 588 S.W.2d 957, 959 (Tex.Crim.App.1979).

The doctrine of collateral estoppel is limited to situations in which the prior final judgment resulted in an acquittal. *Simien v. State,* 514 S.W.2d 452, 454 (Tex.Crim.App. 1974); *Jones v. State,* 514 S.W.2d 255, 256–57 (Tex.Crim.App.1974); *Joshlin v. State,* 488 S.W.2d 773, 775–76 (Tex.Crim.App.1972).

 *Ashe* mandates two inquiries: First, what facts were necessarily determined in the first lawsuit? Second, has the prosecution in a subsequent trial tried to relitigate facts necessarily established against it in the first trial? *Dedrick,* 623 S.W.2d at 336 (citing *United States v. Mock,* 604 F.2d 341 (5th Cir.1979). It is, of course, necessary to consider whether the issue in the second trial is actually the same as the issue decided in the earlier criminal case. WAYNE R. LaFAVE & JEROLD H. ISRAEL, 2 CRIMINAL PROCEDURE, § 17.4 at 384 (1984).

 The application of the collateral estoppel rule requires the reviewing court to examine the "entire record" of the prior proceedings to determine what issue or issues were foreclosed. *Ashe,* 397 U.S. at 443, 90 S.Ct. at 1194; *State v. Nash,* 817 S.W.2d 837, 840 (Tex.App.—Amarillo 1991, pet. ref'd). "The doctrine is a narrow one, and the test is whether the verdict was *necessarily* grounded upon an issue which the defendant seeks to foreclose from litigation, not whether there is a *possibility* that some ultimate fact has been determined adversely to the State." *Id.* (emphasis in original); *see Ex parte Lane,* 806 S.W.2d 336, 338 (Tex.App.—Fort Worth 1991, no pet.). Collateral estoppel "precludes a subsequent prosecution only if the matters to be re-litigated dictated the previous acquittal, and the fact-finder could not rationally have based its verdict on an issue other than the issue the defendant seeks to foreclose." *Nash,* 817 S.W.2d at 840–41; *see also Wright v. Whitley,* 11 F.3d

542, 545 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2168, 128 L.Ed.2d 890 (1994).

 It is a defendant's duty to establish his plea of former jeopardy under the collateral estoppel rule. *Dedrick,* 623 S.W.2d at 339. Such plea must be supported by evidence. *Shaffer v. State,* 477 S.W.2d 873, 875 (Tex.Crim.App.1971). In the case sub judice, appellant has brought forward only the indictment in the capital murder case, the court's charge, and an excerpt from the statement of facts relating to appellant's testimony at the first trial. He has not brought forward "the entire record" which is necessary to make a proper determination of whether an issue of ultimate fact was determined by a valid and final judgment so as to prevent the State from relitigating that issue. *See Shaffer,* 477 S.W.2d at 875; *see also State v. Groves,* 837 S.W.2d 103, 106 (Tex. Crim.App.1992); *Nash,* 817 S.W.2d at 841. The burden is on appellant to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d).

Moreover, appellant has briefed the issue in conjunction with the first three points of error. While he cites *Ashe* and discusses its facts, he does not in his argument tell us just what issue of ultimate fact was determined in the capital murder trial which prevented the State from relitigating it in the burglary of a habitation trial. *See* Tex.R.App.P. 74(f). Only in his stated point of error does he attempt to do so. In this he is mistaken. The capital feature of the capital murder indictment makes no allegation to a burglary being committed "with intent to commit theft." Without the entire record, we are unable to determine if an ultimate issue as to burglary or theft were foreclosed against the State.[13] Appellant's point of error four is overruled.

In the fifth point of error, appellant contends that the trial court erred in admitting

---

13. The trial court's charge in the capital murder case submitted the issue of capital murder to the jury but did not submit any lesser included offenses including the offense of murder. The charge did not authorize the jury to convict appellant for burglary. If it is appellant's contention that the jury could have possibly acquitted him because it did not find that he was not acting "while in the course of committing or

attempting to commit a burglary of a building," we note that appellant testified that he and others discussed and planned the burglary and that he willingly gave his gun to others in the group. Appellant admitted he entered the building but denied any intent to kill or any knowledge that any of the others intended to shoot the occupant of the building.

photographic evidence showing the body of the deceased owner. Appellant has reference to State's exhibit number five showing the body of the complainant at the scene of the burglary. The body is covered by a sheet with the exception of the feet and head. No blood or wounds are evident in the colored photographs. Appellant acknowledges that the State offered the exhibit to show lack of consent on part of the complainant, an issue on which the State had the burden of proof.

The admissibility of a photograph is within the sound discretion of the trial court, which determines whether the exhibit serves a proper purpose in the enlightenment of the jury. *Ramirez v. State*, 815 S.W.2d 636, 646–47 (Tex.Crim.App.1991). Photographs generally must have some probative value which is not outweighed by their inflammatory nature. *Long v. State*, 823 S.W.2d 259, 272 (Tex.Crim.App.1991) *cert. denied*, — U.S. —, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992); Tex.R.Crim.Evid. 403. In determining admissibility of photographs under Rule 403, the following factors are relevant for consideration: the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or in color, whether they are close-ups, whether the body is naked or clothed, and the availability of other means of proof and the circumstances unique to each individual case. *Hicks v. State*, 860 S.W.2d 419, 426 (Tex.Crim.App.1993), *cert. denied*, — U.S. —, 114 S.Ct. 2725, 129 L.Ed.2d 848 (1994); *Long*, 823 S.W.2d at 272. In addition, it has been generally held that photos are admissible when verbal testimony as to the matters depicted in the photos is also admissible. *Hicks*, 860 S.W.2d at 426; *Hernandez v. State*, 819 S.W.2d 806, 819 (Tex.Crim.App. 1991), *cert. denied*, 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992).

In the case sub judice, the witness Canales, without objection, testified to finding the body of the complainant the morning after the burglary clad only in shorts or underwear. Canales related that the complainant would not have opened the door to his abode dressed as his body was found. He explained that a sheet was laid over the body before the photograph was taken. Canales's verbal testimony was admissible and so was State's exhibit number five. Moreover, the colored photograph was not gruesome. No blood or wounds were evident. The photograph was relevant to the issue of consent to enter the habitation and was not so gruesome as to be unfairly prejudicial. An abuse of discretion in admitting photographs arises only when the probative value of the photograph is small and its inflammatory potential great. *Burdine v. State*, 719 S.W.2d 309, 316 (Tex.Crim.App. 1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). Appellant's fifth point of error is overruled.

The judgment is affirmed.