COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-133-CR
  
  
THESSALONIANS 
LANGS                                                       APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Thessalonians Langs of burglary of a habitation and 
retaliation and sentenced him to fifteen years’ and ten years’ confinement 
respectively in the Institutional Division of the Texas Department of Criminal 
Justice, the sentences to run concurrently. Appellant brings a single point on 
appeal, arguing that his convictions for both burglary and retaliation violated 
his rights under the double jeopardy clause of both the state and federal 
constitutions and implicitly arguing that the trial court committed jury charge 
error. Because we hold that Appellant failed to preserve his double jeopardy 
complaint and that the trial court’s error, if any, in charging the jury that 
it could convict Appellant of both retaliation and burglary with attempted 
retaliation was harmless, we affirm the trial court’s judgment.
        Appellant 
was charged by indictment with (1) burglary of a habitation with intent to 
commit retaliation, (2) burglary of a habitation and attempting to commit or the 
commission of retaliation, (3) retaliation against a prospective witness, and 
(4) retaliation against a person who has reported a crime. The application 
paragraph of the burglary portion of the jury charge instructed the jury to find 
Appellant guilty of burglary of a habitation if it found that the State had 
proved either burglary with intent to commit retaliation or burglary with 
retaliation or attempted retaliation, although the actual jury question allowed 
the jury to find Appellant guilty of burglary with intent to commit retaliation 
or burglary with attempted retaliation. The jury charge also allowed the jury to 
convict Appellant of retaliation. We construe Appellant’s issue as presenting 
two sub-issues—a double jeopardy complaint and a contention that the trial 
court erred in charging the jury that it could convict Appellant twice of the 
same offense.
        Appellant 
argues his convictions constituted a violation of the double jeopardy 
protections of both state and federal constitutions because burglary with intent 
to commit retaliation and burglary with attempted retaliation are the same 
offenses as retaliation for double jeopardy purposes. The State, relying on Gonzalez 
v. State,[2] argues that because Appellant did not 
object to the jury charge at trial, and because he did not raise the issue in a 
motion for new trial, he has waived his double jeopardy complaint. Gonzalez 
holds that an objection is required to preserve a double jeopardy complaint when 
the face of the record fails to show a multiple punishments violation.[3]
        The 
Fifth Amendment guarantee against double jeopardy protects a person from 
multiple punishments for the same offense.[4]  
Article 37.09 of the Texas Code of Criminal Procedure provides:
   
An 
offense is a lesser included offense if:
 
(1) 
it is established by proof of the same or less than all the facts required to 
establish the commission of the offense charged;
 
(2) 
it differs from the offense charged only in the respect that a less serious 
injury or risk of injury to the same person, property, or public interest 
suffices to establish its commission;
 
(3) 
it differs from the offense charged only in the respect that a less culpable 
mental state suffices to establish its commission; or
 
(4) 
it consists of an attempt to commit the offense charged or an otherwise included 
offense.[5]
 
        Given 
the indictment in the case before us, to establish burglary under section 30.02 
(a)(1) of the Texas Penal Code, the State was required to prove that Appellant, 
without the effective consent of the owner, entered a habitation with intent to 
commit the assaultive offense of retaliation.[6]  
The State was not required to prove that retaliation occurred. In contrast, to 
establish burglary under section 30.02(a)(3), the State was required to show 
that Appellant, without the effective consent of the owner, entered a habitation 
and committed acts constituting an attempt to commit retaliation.[7]
        While 
attempted retaliation may be used to show intent to commit retaliation, the 
intent to commit can be established by facts showing something less than the 
attempted or completed offense.[8]  Because 
evidence showing attempted retaliation is not part of the facts necessarily 
legally required to show burglary with intent to commit retaliation, retaliation 
is not a lesser included offense of burglary under Section 30.02(a)(1).[9]  Consequently, because the jury’s general guilty 
verdict of burglary could have rested on paragraph one, which alleged burglary 
with intent to commit retaliation, the record does not necessarily show on its 
face a multiple punishments violation.  We therefore hold that Appellant 
failed to preserve his double jeopardy complaint.
        Similarly, 
under Almanza v. State,[10] any unobjected-to 
jury charge error was harmless.[11]  The trial 
court did not err in permitting the jury to convict of burglary under Section 
30.02 (a)(1), entry with intent to commit retaliation, and also of retaliation. 
In the jury charge, the trial court properly set out the burden of proof, 
appropriate definitions, the facts, and the two means of committing burglary and 
the means of committing retaliation. The evidence proved the completed offense 
of retaliation and proved that Appellant committed the retaliation in the course 
of committing burglary. The evidence also clearly showed Appellant’s intent at 
the time of entry was to commit the offense of retaliation. Consequently, to the 
extent that the trial court erred in presenting an ambiguity by charging on 
retaliation and both burglary with intent to commit retaliation and burglary 
with attempted retaliation, we cannot say that such harm would rise to 
the level of egregious harm.[12]  Because the 
Texas Court of Criminal Appeals has held that the State may convict of both 
burglary with intent to commit the offense and the completed intended offense,[13] we are compelled to overrule Appellant’s sole 
point.  We affirm the trial court’s judgment.
 
  
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
  

 
PANEL B:   LIVINGSTON, 
DAUPHINOT, and WALKER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
September 9, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
8 S.W.3d 640 (Tex. Crim. App. 2000).
3.  
Id. at 645.
4.  
Illinois v. Vitale, 447 U.S. 410, 415, 100 S. Ct. 2260, 2264 (1980); Cervantes 
v. State, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991).
5.  
Tex. Code Crim. Proc. Ann. art. 
37.09 (Vernon 1981).
6.  
See Tex. Penal Code Ann. § 
30.02(a)(1) (Vernon 2003).
7.  
See id. § 30.02(a)(3).
8.  
See Jacob v. State, 892 S.W.2d 905, 908-09 (Tex. Crim. App. 1995).
9.  
See id.
10.  
686 S.W.2d 157 (Tex. Crim. App. 1984).
11.  
See Tex. Code Crim. Proc. Ann. 
art. 36.19 (Vernon 1981); Brown v. State, 122 S.W.3d 794, 803 (Tex. Crim. 
App. 2003) (providing that “Almanza . . . sets out the standard for 
analyzing harm from a jury charge error in a criminal setting“); see also 
Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).
12.  
See Almanza, 686 S.W.2d at 171.
13.  
See, e.g., Rice v. State, 861 S.W.2d 925, 926 (Tex. Crim. 
App. 1993) (upholding conviction for burglary with intent to commit theft even 
though Rice had already been convicted for the theft).