Petition for Writ of Mandamus Denied
and Memorandum Opinion filed June 17, 2010.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00333-CR



 

In Re William David Kelley, Relator

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS



 

MEMORANDUM OPINION

 

On April 12, 2010, relator filed a petition for writ
of mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In the petition, relator asked this
court to compel the Honorable Maria T. Jackson, presiding judge of the 339th
District Court of Harris County, to credit his jail sentence with the
presentence jail time incurred prior to his conviction.

On August 13, 1990, relator was sentenced in cause
number 588,878, pursuant to a plea bargain agreement, to 20 years’ confinement
in the Institutional Division of the Texas Department of Criminal Justice for
the offense of aggravated kidnapping.  On February 2, 1995, relator was
sentenced in cause number 642,962 to one year’s confinement in the Harris
County Jail for assault.  The two convictions arose out of the same
transaction.  See State v. Kelley, 866 S.W.2d 650 (Tex. App.—Houston
[14th Dist.] 1993, no pet.).[1] 
The sentences were stacked, and the judgment in cause number 642,962 reflects
that the one-year sentence in the Harris County Jail is to be served after
completion of the 20-year sentence in the penitentiary.

Prior to his conviction in the first case, relator
spent 186 days in the Harris County Jail.  He avers that he received credit for
those 186 days on his 20-year sentence.  However, the second judgment, in cause
number 642,962, states that the one-year sentence in the Harris County Jail is
“to begin when sentence in cause #588878 is completed with no credit.”  In
December, 2009, relator filed a motion for judgment nunc pro tunc requesting
that the respondent correct the second judgment to reflect credit for time
served.  The respondent denied relator’s motion for judgment nunc pro tunc. 
Relator now seeks mandamus relief requesting this court to compel the
respondent to grant him jail-time credit on his second sentence.

In a criminal case, mandamus relief is authorized
only if the relator establishes that (1) under the facts and the law, the act
sought to be compelled is purely ministerial; and (2) he has no other adequate
legal remedy.  State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim.
App. 2003) (orig.proceeding).  An act is ministerial if the law dictates the
duty to be performed with such certainty that nothing is left to the exercise
of discretion.  State ex rel. Healy v. McMeans, 884 S.W.2d 772, 774
(Tex. Crim. App. 1994) (orig.proceeding). 

A judgment nunc pro tunc is the appropriate avenue to
make a correction when the court’s records do not mirror the judgment that was
actually rendered.  Alvarez v. State, 605 S.W.2d 615, 617 (Tex. Crim. App.
1980).  A trial court can fix a clerical error in the record, but only errors
that were not the result of judicial reasoning are considered clerical errors
that can be fixed by a nunc pro tunc order.  Ex parte Poe, 751 S.W.2d
873, 876 (Tex. Crim. App. 1988).  The trial court cannot, through a judgment
nunc pro tunc, change a court’s records to reflect what it believes should have
been done.  Ex parte Dopps, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986). 
Thus, before a judgment nunc pro tunc may be entered, there must be proof that
the proposed judgment was actually rendered or pronounced at an earlier time.  Wilson
v. State, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984).

Relator claims he is entitled to credit for jail time
served on both of his sentences.  When an inmate is given stacked sentences and
was simultaneously confined on more than one of those causes, presentence
credit applies to each of those sentences, and credit must be separately
awarded because the sentences are sequentially executed.  Ex parte Wickware,
853 S.W.2d 571, 573 (Tex. Crim. App. 1983).  Relator contends that under Wickware,
he is entitled to credit on both of his sentences and the trial court’s duty to
correct his sentence is ministerial in nature and subject to writ of mandamus.

In Ex parte Ybarra, 149 S.W.3d 147 (Tex. Crim.
App. 2004), the Court of Criminal Appeals held that the trial court’s failure
to award all of the defendant’s presentence jail time when the court pronounced
sentence could be corrected by a judgment nunc pro tunc.  In Ybarra,
there was no plea bargain in place, and it was clear from the record that
Ybarra was entitled to the amount of back-time that the statute provided.  An
incorrect calculation of the amount of back-time awarded to a defendant, or the
omission of any statutory back-time in the judgment can be adjusted by a motion
for judgment nunc pro tunc; however, that is not what occurred in this case.

In this case, there was a controlling plea bargain.  Article
1.14(a) of the Code of Criminal Procedure provides that a defendant in a
criminal prosecution for any offense may waive any rights secured him by law. 
A defendant may affirmatively waive his right to presentence jail-time credit
by entering into a plea bargain with the State.  Ex parte Olivares, 202
S.W.3d 771, 772 (Tex. Crim. App. 2006).  The question before this court is not
whether relator affirmatively waived his right to receive dual credit for time
served, but whether a motion for judgment nunc pro tunc would be the correct
procedure for deciding such an issue.  See Collins v. State, 240 S.W.3d
925, 929 (Tex. Crim. App. 2007).  In denying relator’s motion for judgment nunc
pro tunc, the respondent employed judicial reasoning when determining whether
relator had shown himself entitled to additional jail time credit.  This was
not simply a miscalculation in the number of days of jail-time credit to be
awarded, or a mistake in the transcription of the judgment into the court
record.  In this case, the respondent had to make a specific determination regarding
relator’s entitlement or lack of entitlement to additional jail time credit,
and therefore, no ministerial act was implicated.  See id.

Relator has not established that he is entitled to
mandamus relief.  Accordingly, we deny relator’s petition for writ of mandamus.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and
Boyce.

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
The dates on the judgments are separated by five years because, prior to the
trial on the second charge, the trial court granted relator’s request to quash
the indictment on double jeopardy grounds.  The State appealed, and this court
reversed and remanded for trial.  Kelley, 866 S.W.3d at 652.